## MARY A. WILLIAMS *vs.* JAMES R. CARTY.

Middlesex.   January 24, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Equity Jurisdiction*, Specific performance.   *Statute of Frauds.   Fraud.   Estoppel.*

A bill in equity, which sought to enforce specific performance of an oral contract
by which the defendant agreed to convey and the plaintiff, a woman, agreed
to purchase a farm called the " H. place," alleged that included in the " H.
place " was a valuable orchard called the " T. lot," that the defendant dissuaded
the plaintiff from having the title examined before delivery of the deed and by
false and fraudulent representations executed and delivered and induced the
plaintiff to accept a deed which omitted from its description the " T. lot," that
for the deed the plaintiff paid some cash and gave a note secured by a mortgage,
supposing that the deed included in its description the whole of the " H. place,"
that the plaintiff took possession under the deed believing " that she had taken
possession of the whole of " the " H. place," that she moved her household fur-
niture and belongings from another town to the buildings upon the " H. place,"
and in further reliance upon the representations of the defendant gave up a
comfortable home and a profitable employment and business, that after taking
possession she had made valuable improvements upon the place, and that thirteen
days after taking possession she discovered that the " T. lot " was not included
in the defendant's deed.   It was not distinctly averred that the improvements
were made by the plaintiff before she discovered the defendant's fraud.   The
defendant demurred on the ground that the bill sought the enforcement of a
contract for the sale of lands without the memorandum required by R. L. c. 74,
§ 1, cl. 4.   *Held*, that since the plaintiff when she took possession thought she
was taking possession of the whole " H. place," according to the agreement of the
parties which the defendant by his own fraud failed to express in the deed, the
defendant might be presumed to have given up, and the plaintiff to have taken,
possession of the whole " H. place," that the removal by the plaintiff to the
place newly purchased must have been contemplated by the defendant, and that
the giving up of her business by the plaintiff might have been found to have been
induced by the act of the defendant, and therefore that the case was distinguish-
able from *Glass* v. *Hulbert*, 102 Mass. 24, there having been a part perform-
ance and a change of situation on the part of the plaintiff which estopped the
defendant from setting up the statute of frauds, and that the defendant's
demurrer should be overruled.

Where an oral agreement for the sale of land, which originally was unenforceable
by the purchaser by reason of R. L. c. 74, § 1, cl. 4, has been partly performed
by the purchaser by paying the purchase price, by taking possession of the
land, and by suffering substantial loss either through a change in his situation
or the making of improvements upon the estate, and where the purchaser can-
not be restored to his original situation, he may maintain a suit in equity for
specific performance of the contract.

RUGG, J.   This is a suit in equity, by which the plaintiff
seeks to enforce specific performance of a contract for the sale

of land.  The bill alleges an oral agreement on the part of the
defendant to convey and of the plaintiff to purchase a certain
farm called the "old Ephraim Hatch place," (with the excep-
tion of about two acres not now material,) an integral part of
which was a valuable orchard called the "Taylor lot" contain-
ing about seventeen acres, and dissuasion on the part of the
defendant from having the title of the property described in
the deed searched by the plaintiff before delivery thereof; that
the defendant in fact caused to be executed and delivered to the
plaintiff, by false and fraudulent representations, a deed which
omitted from its description the Taylor lot, for which she paid
the consideration by a small cash payment and a large mortgage
to the defendant, supposing that the deed conveyed the entire
farm including the Taylor lot; that the plaintiff took possession
under the deed believing "that she had taken possession of the
whole of the said Hatch farm"; and that she moved her house-
hold furniture and belongings from another town to the build-
ings upon the farm, and that in further reliance upon the
representations of the defendant she with her husband gave up
a comfortable home, and profitable employment and business,
which constituted a valuable means of livelihood; that since
taking possession of the farm she has made valuable improve-
ments by way of ditching, fencing, fertilizing, clearing, cultivat-
ing and otherwise, for which no adequate compensation can be
made; that thirteen days after taking possession she learned
that the deed did not convey the Taylor lot.  It is not distinctly
alleged whether any of these improvements were made before
the discovery of the defendant's fraud in making the deed.  The
defendant demurred on the ground that the bill asks the en-
forcement of a contract for the sale of lands without the memo-
randum required by the statute of frauds.  In the Superior
Court * a decree was entered dismissing the bill.  The plaintiff's
appeal brings the case here.

The defendant strenuously contends that under the authority
of *Glass* v. *Hulbert*, 102 Mass. 24, the decree was rightly entered.
The principle there laid down was that the conveyance of land
cannot be decreed in equity by reason merely of an oral agree-

---

* After a hearing on the demurrer before *Dana*, J.

ment therefor against a party denying the alleged agreement and relying upon the statute of frauds in the absence of evidence of change of situation or part performance creating an estoppel against the plea of the statute of frauds. It may be noted that there is a difference between the initial fraud alleged in the present bill and that in *Glass* v. *Hulbert.* In the latter case the deed expressed the agreement of the parties, but the agreement was induced by fraud. In the present case it is alleged that the deed failed to express the real agreement of the parties by reason of the fraud and imposition practised by the defendant upon the plaintiff. For this reason what is said in that opinion, briefly and without elaboration (102 Mass. at page 28), to the effect that possession by the purchaser under such a deed is according to title thereby conveyed, has no application to the present facts. The entry for the purpose of possession in that case was thought to be no more extensive in its operation than the description contained in the deed, because the description in the deed corresponded with the agreement, the alleged fraud touching the agreement and not the deed. In the present suit the fraud alleged relates only to the deed. The agreement is alleged to have been for the sale of a unit of real estate, namely, the Hatch farm, of which the omitted lot was but a fraction. Hence the allegation of the bill, in substance, that the plaintiff took possession by intent of the entire farm, means that she took possession of that which had been described to her in the oral agreement as a farm including the lot omitted from the deed, and that the entry made and possession taken were as wide as the oral contract and made in reliance upon the misrepresentation of the defendant that the deed was in accordance with it. It was not necessary for her to go upon every foot or acre of the farm in order to take valid possession of the whole of it. The moving of her household into the buildings and making such use of the estate as indicated proprietorship of it was sufficient. The defendant by turning over the possession to the plaintiff under a deed, which, by his own fraud, failed to express the agreement of the parties, may be presumed to have given up possession of the whole under the oral contract. It may therefore be assumed upon the allegations of the bill that the plaintiff took such possession as was reasonable in view of all the circumstances of the entire

farm including the lot in question in reliance upon the misrepresentation.

The removal of the home of the plaintiff to the farm in reliance upon the terms of the contract must also have been contemplated by the defendant. This was not a collateral undertaking, but a primary purpose of the purchase by the plaintiff. A necessary result of assuming a new home was the abandonment of the old. The reasonable consequences of such a change of domicil might so affect the condition of the plaintiff that it would be inequitable to deprive her of the advantages she would gain by having the contract specifically performed. It is not necessary in a case of this sort that the loss to the plaintiff shall be a corresponding gain to the defendant.

It is alleged that the plaintiff abandoned a profitable business in another town, in reliance upon the oral contract, for the purpose and at the time of the taking possession of the land contracted for. Although it is not alleged that this was known to the defendant, it was or may be found to be an act " growing out of" the " contract with the defendant to which it could be exclusively referrible " and to have been induced by the act of the defendant. *Graves* v. *Goldthwait,* 153 Mass. 268, 270. While this circumstance standing alone would not constitute a part performance, yet where there is payment in full and a taking possession, both of which are technical part performance, then such attendant conditions may be considered for the purpose of ascertaining whether the parties can be restored to their original position, and whether money damages will be adequate compensation to the one injured.

It is probable that in the brief time elapsing between the taking possession and the discovery by the plaintiff of the defendant's fraud no extensive improvements could have been made upon the farm, but her situation was peculiar after this discovery. She was rightfully in possession. We are not inclined to hold her strictly to the management of the farm at her peril. If it was reasonable husbandry to go forward and make the improvements, her position may have been such as to justify her in doing so.

The result we reach is not in conflict with the principles laid down in *Glass* v. *Hulbert,* 102 Mass. 24, and is within the rule

there stated and often applied that where an oral agreement respecting land, originally unenforceable by reason of the statute of frauds, has been partly performed by the party seeking to enforce it by paying the purchase price, by taking possession and by suffering substantial loss either through changed situation or the making of improvements upon the estate, and where he cannot be restored to his original situation, specific performance may be granted. *Potter* v. *Jacobs*, 111 Mass. 32, 37. *Low* v. *Low*, 173 Mass. 580. *Harrell* v. *Sonnabend*, 191 Mass. 310. *Sarkisian* v. *Teele*, 201 Mass. 596, 608.

*Decree reversed.*

*J. J. Higgins, (A. A. Schaefer* with him,) for the plaintiff.
*P. Keyes,* for the defendant.