HENRY O. DAVIS *vs.* FLORA DOWNER & others.

Essex.    November 9, 1911. — January 4, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Trust*, Resulting.   *Frauds*, Statute of.   *Equity Jurisdiction*, Specific performance. *Estoppel*, In equity.   *Equity Pleading and Practice*, Laches.

In a suit in equity by a member of a partnership, consisting of the plaintiff and his brother, to compel the conveyance to the partners of a certain parcel of real estate, which had been conveyed to one of the defendants without consideration by the mother of the partners, it appeared, that the title to the land had been taken in the name of the mother of the partners, that the purchase price was $250, that $50 of this was paid in cash by the partners, and that for the balance two mortgages, each for $100, were executed by the mother upon the understanding that the mortgage notes should be paid by the partnership, that there was an oral understanding that the mother held the title to the land in trust for the benefit of the partnership and would convey it to the partners at any time on demand, that a factory was built on the land by the partners wholly with the partnership money, and that the mortgages were paid by the partners. The defendants pleaded and relied upon the statute of frauds. *Held*, that these facts showed a resulting trust for the benefit of the partnership and that the plaintiff was entitled to relief.

In a suit in equity by a member of a partnership, consisting of the plaintiff and his brother, to enforce an oral agreement for the conveyance to the partners, subject to an existing incumbrance, of a certain parcel of real estate, which had been conveyed to one of the defendants without consideration by the mother of the partners, it appeared that the land when conveyed to the mother of the partners was vacant, that the mother paid $265 for the land partly in cash and partly by a mortgage on it, upon an understanding that she would convey the property to the partners at any time for $300, that pursuant to this understanding the partners paid the mortgage given in part payment by the mother and

expended money for the partial construction of a dwelling house on the land, that later the mother gave a mortgage upon the property, which was outstanding at the time of the filing of the bill, for $2,000, the proceeds of which were used upon the construction of the house, that when the house was finished the two partners moved into it, and that, during the period of several years before the filing of the bill, they paid the taxes and insurance and the interest on the mortgage, and continued in occupation. The defendants pleaded and relied upon the statute of frauds. *Held,* that, the partners having been induced to make expenditures upon the land and to change their situation materially in reliance upon the performance of the oral agreement and in expectation of the rights it was to confer, the defendants were precluded from setting up the statute of frauds.

The defense of laches to a suit in equity cannot be availed of unless set up in the pleadings. In the present case no such defense could have been sustained on the facts.

BILL IN EQUITY, filed in the Superior Court on August 4, 1908, by Henry O. Davis of Gloucester against Flora Downer, the plaintiff's sister, Iretta Davis, the plaintiff's mother, and Oscar S. Davis, the plaintiff's brother and former partner, with a prayer for a decree that the two lots of land mentioned in the opinion, which were conveyed to the defendant Downer by the defendant Iretta Davis, were held by the defendant Downer for the use and benefit of the partnership consisting of the plaintiff and the defendant Oscar S. Davis, and that the defendant Downer be ordered to convey to the plaintiff one undivided half of said lots subject to any existing incumbrances thereon.

The answers of the defendants, as amended, set up the statute of frauds.

In the Superior Court the case was referred to William Perry, Esquire, as master, and later was heard by *Schofield,* J., who overruled exceptions to the master's report and made a final decree confirming the master's report as to all matters of fact contained therein and ordering that the bill be dismissed. The plaintiff appealed. The material facts found by the master are stated in substance in the opinion.

*F. H. Tarr,* for the plaintiff.

*A. B. Tolman,* for the defendants Flora Downer and Iretta Davis.

*E. S. Taft,* appeared for Oscar S. Davis but filed no brief.

RUGG, C. J. This is a suit in equity by which the plaintiff seeks to establish the right of a partnership, composed of himself and his brother Oscar, to the conveyance of two parcels of

real estate. The two parcels are known respectively as the "factory lot" and the "home lot." The master's findings of facts must be taken as final, the evidence not being reported.

1. The title to the "factory lot" was taken in the name of Iretta Davis in 1897. The purchase price was $250, of which $50 was paid in cash by the partnership, and the balance by two mortgages, each for $100, executed by Iretta Davis. It was the oral understanding that she held title in trust for the benefit of the firm, and would convey it to the firm at any time on demand. In March, 1901, the mortgages were paid by the firm. A factory was built upon the land by the firm wholly with its money, with an exception so trifling as to be negligible. These facts are sufficient to establish a resulting trust under the well recognized equitable principle, that where one pays for real estate but the conveyance is to another, a resulting trust arises in favor of the one who pays the purchase price against the grantee named in the deed, the latter being treated as subject to all the obligations of a trustee, notwithstanding the statute of frauds. *Howe* v. *Howe,* 199 Mass. 598, and cases cited at 601. *Lombard* v. *Morse,* 155 Mass. 136. *Bailey* v. *Hemenway,* 147 Mass. 326, 328. *Cooley* v. *Cooley,* 172 Mass. 476, 477. *Frankel* v. *Frankel,* 173 Mass. 214. Sometimes there may be a presumption of a gift instead of a resulting trust where the parties are not strangers and the person paying the consideration is under some natural or legal obligation to provide for the one in whose name the title is taken. But that question is not material here, for the facts have been expressly found. It is always open to show the facts to rebut such presumption. *Lufkin* v. *Jakeman,* 188 Mass. 528, 530. The application of the principle just stated is not affected by the circumstance that at the time of the original purchase the grantee executed mortgages for a part of the purchase price. This was done upon the understanding that the mortgages should be paid by the partnership, an agreement which was carried out, and the grantee was thereby exonerated from all liability, and the entire consideration really was paid by the partners. It was the equivalent of a loan of credit by the grantee for the benefit of persons paying for the purchase. It can stand on no different ground from a loan of money. *McDonough* v. *O'Niel,* 113 Mass. 92. It follows that the rule of *McGowan* v. *McGowan,* 14 Gray,

119, *Dudley* v. *Dudley*, 176 Mass. 34, *Kennerson* v. *Nash*, 208 Mass. 393, and other like decisions, to the effect that, where two or more persons contribute indiscriminately to the purchase price without agreement as to the proportion of interest to be held by each and the title is taken by one, no trust results in favor of the others, does not govern the case at bar.

2. The facts as to the " home lot " were that, being then vacant land, it was conveyed to Iretta Davis, who paid therefor $265 partly in cash and partly by mortgage on it, upon an understanding that she would convey the property to the two members of the partnership at any time for $300. Pursuant to this understanding and in reliance upon it, six months later the firm paid the mortgage given in part for the purchase price, and afterwards expended money for the partial construction of a dwelling house, and subsequently Iretta Davis gave a mortgage, still outstanding, to a savings bank for $2,000, the proceeds of which were used toward the house, and when it was completed the two partners moved into it. Its total cost was considerably in excess of the savings bank mortgage, and this excess was paid by the partnership. During the several years since the purchase, they have paid the taxes, insurance and interest upon the mortgage, and have continued in occupation. The question is whether the oral promise by Iretta Davis to convey is enforceable. The statute of frauds is urged against its enforcement. But fraud itself may be enough to avoid the defense of the statute of frauds. Where a person has been induced to make expenditures upon land, to construct improvements thereon or to change his situation materially in reliance upon the performance of the oral agreement and in expectation of the rights to be acquired thereby, refusal to carry out the agreement is not merely deprivation of the rights it was intended to confer, which alone is within the statute of frauds, but is in addition " an infliction of an unjust and unconscientious injury and loss. In such case, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds." *Glass* v. *Hulbert*, 102 Mass. 24, 36. This principle is well established and frequently resorted to. *Williams* v. *Carty*, 205 Mass. 396, and cases cited at 400. It governs this branch of the case at bar rather than that followed in *Burns* v. *Dag-*

*gett,* 141 Mass. 368, relied on by the defendants. It would be unreasonable for a court of conscience to permit the defendants to retain the advantage of all these expenditures and improvements, to the cost of which they have directly lured the plaintiff and his partner by falsely leading them into the belief that the conveyance would be made.

3. The incident that the plaintiff's partner has allied himself with the other defendants makes no difference with the principles of law by which the rights of the partnership are governed. The conveyances by Iretta Davis to the defendant Downer, who was not a purchaser for value, with full notice of all existing equities, render her amenable to the relief afforded by a chancery court to the same extent as her grantor would have been.

4. The defense of laches cannot prevail. It is not pleaded. *Kershishian* v. *Johnson, ante,* 135. But, even if it had been, it could not be sustained. There appears to have been nothing to lead the plaintiff to think that he would need to resort to equity for relief until after the quarrel between himself and his mother, and his suit was then seasonably commenced. *Low* v. *Low,* 173 Mass. 580.

5. No question has been raised as to the form in which relief shall be granted. At the argument it was agreed by the parties and a representative of the receiver of the partnership that the receiver had been present at or participated in the hearings before the master, and was bound by his report. He may be admitted as a party, if it seems necessary at the hearing upon the terms of the decree.

The decree dismissing the bill is reversed, and the form of the remedial decree to be entered in accordance with this opinion may be fixed in the Superior Court.

*So ordered.*