FLORENCE A. TRACY *vs.* ELIZABETH BLINN.

Bristol.   October 25, 1920. — January 4, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Deed,* Reformation. *Frauds, Statute of. Equity Jurisdiction,* To reform deed, Mistake.

If the owner of certain real estate orally agrees to sell it for a certain price and upon the payment of the price conveys to the purchaser only about one half of what both parties intended should be conveyed, the purchaser cannot maintain a suit in equity against him for reformation of the deed so that it will include the land omitted by mutual mistake, where it does not appear that the purchaser entered upon or took possession of the portion of land omitted from the deed or made any improvements thereon or paid any taxes assessed thereon, or that his condition or position was so changed because of his reliance upon the oral agreement that he would be left without redress if the agreement was held unenforceable, but it appears only that, two and a half months after receiving the deed, the purchaser conveyed the land which was described in the deed to a third party and that it had been conveyed thereafter to successive grantees. Following *Glass* v. *Hulbert,* 102 Mass. 24.

BILL IN EQUITY, filed in the Superior Court on April 5, 1920, for the reformation of a deed of real estate to correct an error in omitting certain land from the description through an alleged mutual mistake of the parties.

Material allegations of the bill are described in the opinion. The defendant demurred to the bill. The demurrer was heard and was overruled and the suit then was heard upon the merits by *Flynn*, J., who found that a mistake had been made as alleged in the bill, and that the defendant had paid taxes since April 1, 1911, upon the land sought by the plaintiff. By order of the judge a final decree was entered directing the defendant to convey the omitted land to the plaintiff upon her paying the taxes from April 1, 1911, to the date of the deed with interest. The defendant appealed both from the interlocutory decree overruling the demurrer and from the final decree.

*E. N. Blinn,* for the defendant.

*J. E. Welch,* ( *J. B. Tracy* with him,) for the plaintiff.

CROSBY, J. This is a bill in equity for the reformation of a deed, by including the description of a parcel of land situated in the rear of that described therein, and which, it is alleged, was omitted by mutual mistake of the parties.

The case was heard by a judge of the Superior Court who found that it was the intention of the parties, at the time of the purchase and sale of the property set out in the plaintiff's bill, to include the lot in the rear of the parcel conveyed. As the evidence is not reported, the finding must stand.

The bill alleges that while negotiations were pending for the purchase of the property and shortly before the sale was consummated and the deed delivered, the defendant on the premises pointed out to the plaintiff the land to be sold, and the latter orally agreed to purchase it and to pay therefor $1,950; that in pursuance of the oral agreement, the defendant executed a deed to the plaintiff which conveyed only about one half of the land purposed to be sold, although it was the intention of the parties that the deed should include both parcels.

The land described and conveyed by the deed is situated on the westerly side of Purchase Street in Taunton, with a dwelling house thereon, and the lot, the description of which was omitted from the deed, adjoins it in the rear. The record shows that the

defendant obtained title to the two parcels by separate deeds on different dates from different grantors. The deed from the defendant to the plaintiff is dated, acknowledged and recorded January 4, 1911, and on March 20 of the same year she conveyed the property to one Machado, and thereafter by different grantors the title of the land has vested in various owners.

The defendant demurred to the bill, setting forth as one of the grounds of demurrer that the alleged oral agreement was within the statute of frauds. In her answer she denies the oral agreement and that there was any mistake in the description, and alleges that the deed correctly describes the land which was purchased by the plaintiff.

The relief prayed for is that the deed may be reformed so as to contain a description of the rear lot. The case of *Glass* v. *Hulbert*, 102 Mass. 24, is decisive against the contention of the plaintiff; in that case it was said at page 28: "If the case stood merely upon the oral contract of sale, with a conveyance of part and a neglect or refusal to convey another part of the land which was the subject of the alleged contract, we do not think it would be contended that the plaintiff could compel a conveyance of the other land, against a party denying the contract and setting up the statute of frauds. Courts are bound to regard that statute in equity as well as at law. The only remedy in equity, in such case, would be by a rescission of the entire contract, in which the aid of the court could be obtained, if necessary, upon proper grounds." The decision in that case is the settled law in this Commonwealth, although the courts in some other jurisdictions have reached a different conclusion. See L. R. A. 1917 A 571; *Graves* v. *Goldthwait*, 153 Mass. 268; *Goode* v. *Riley*, 153 Mass. 585, 587. In a case of this kind it is immaterial whether the relief sought is on the ground of fraud or mistake, the rule is the same, and is not different whether the remedy is for reformation of a deed, or the specific performance of an oral contract. It is well settled that an oral agreement for the conveyance of land may be enforced against a party denying the agreement and relying on the statute of frauds if there has been a part performance or change of situation creating an estoppel against the plea of the statute. In *Glass* v. *Hulbert, supra,* it was said at page 43: "This rule applies as well to the enforcement of such an agreement by way of rectifying a deed, as to a direct suit for its specific performance."

In the present case there is no allegation that the plaintiff took possession of the rear lot, whose description was omitted from the deed, or that there has been a part performance such as could be held to take the case out of the statute of frauds, and there is no allegation that there has been any change in the situation of the plaintiff. All that appears is that she held the record title to the property for less than three months and then sold it; accordingly *Williams* v. *Carty*, 205 Mass. 396, is distinguishable in its facts from the case at bar. *Davis* v. *Downer*, 210 Mass. 573.

There is no evidence that the plaintiff made any improvements on the property or ever paid the taxes thereon, or that her condition or position has been so changed because of her reliance upon the oral agreement, that she would be left without redress if it is held unenforceable. The circumstance that she has sold the property described in the deed is not such a change in her situation as entitles her to rely on the agreement.

In view of the conclusion reached, we need not consider whether the statute of limitations or laches is a bar to the maintenance of the bill.

*Decree reversed.*