JOSEPH MASON *vs.* ANNIE M. ALBERT.

Bristol.    November 27, 1922. — January 5, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction*, Specific performance of contract. *Contract*, Construction, Performance and breach. *Easement. Frauds, Statute of. Equity Pleading and Practice*, Master: recommittal of report, exceptions to report.

A woman who owned certain real estate on a highway agreed orally to sell and convey it, free from all incumbrances except certain taxes, to one, who agreed to permit to her the use of a certain way from the highway over the land sold

to a garden on other land of hers whenever she requested it. In negotiations relative to the sale, the owner was careful not to mention anything about encumbrances, and the substance and intent of her oral statements as to a way were the expression of a wish for the permission above described. As performance of her oral agreement, the owner tendered a deed containing the language, "Excepting and reserving unto the grantor, her heirs and assigns, forever, out of the lot above described, a right of way, and of passage for teams, vehicles, persons.on foot and for all other purposes, from grantor's other land easterly of the lot above described, to and from . . . [the highway] over a strip of land on the northerly bounds of the lot hereby conveyed eight feet in width." *Held,* that

(1) The permission to be given in accordance with the oral agreement would have created at most a revocable license to use and enjoy a privilege, defined and limited in the terms of the agreement;

(2) The words of the deed created an easement;

(3) The deed offered was not in accordance with the agreement.

In a suit in equity brought by the purchaser for specific performance of the oral contract above described, it appeared that the purchase price was $3,250, that in accordance with the contract the plaintiff on a May 27 paid to the defendant $100 on account of the agreed price and was given a written receipt therefor; that the defendant then gave the plaintiff the key to a house on the premises and possession of the premises, and that the plaintiff had continued to occupy the property with the intention to make it a permanent home, it being peculiarly suited to the needs of himself and family; that the plaintiff signified to the defendant his intention of making repairs and improvements to the property; that the defendant approved and suggested the names of contractors to do the work; that accordingly the plaintiff made repairs amounting to $458, and that, induced by the agreement of the defendant to convey when the purchase price should be paid, the plaintiff had sold his shares of stock in a co-operative bank and had executed a note and mortgage with a savings bank in replacement of the mortgage on the premises. *Held,* that, by reason of the contract having been partly performed by the plaintiff, G. L. c. 259, § 1, cl. 4, was not applicable.

The disposition in a suit in equity of a motion to recommit a report to a master for the making of more specific findings on certain subjects and the reporting of evidence on which his findings were based lies within the discretion of the court.

A refusal of a master in a suit in equity to make more specific or more definite findings relating to certain matters in his report is not a proper subject for an exception to the report but is ground for a motion to recommit the report to the master.

An exception to a refusal of a master to receive certain testimony will not be sustained where it appears that, later, the facts sought to be brought out by such testimony were brought out by other testimony and a finding made thereon.

BILL IN EQUITY, filed in the Superior Court on September 21, 1920, seeking a decree ordering the defendant to convey to the plaintiff premises numbered 1,126 Plymouth Avenue in Fall River "by a proper deed of conveyance free from all encumbrances

excepting taxes for the year 1920," in accordance with an oral agreement between the parties which had been partly performed.

In the Superior Court, the suit was referred to a master. Material facts found by the master and exceptions by the defendant to his report are described in the opinion.

The defendant moved that the case be recommitted to the master "to make specific findings and report so much of the evidence as bears upon such findings, in respect to the following matters, to wit: (1) The understanding or agreement as set forth in the master's report, of the parties relative to the defendant's right or privilege to use a right of way over the land in question; (2) whether or not the acts of the defendant in refusing to convey the property, was a fraud or in the nature of a fraud upon the plaintiff; (3) upon the findings of said report that the defendant orally agreed to convey the cottage, etc., with the land contained between the fences, wall and the line drawn from fence to wall." The motion and the exceptions of the defendant to the master's report were heard by *Dubuque*, J., who ordered that the motion be denied and the exceptions overruled; and by his order a final decree was entered granting to the plaintiff the relief sought. The defendant appealed.

The case was submitted on briefs.

*L. E. Wood & I. Brayton*, for the defendant.

*F. A. Pease & T. D. Sullivan*, for the plaintiff.

PIERCE, J. The bill seeks a specific performance of a verbal contract for the sale of land founded upon part performance.

It appears by the master's report that the plaintiff and the defendant agreed to buy and sell the premises on Plymouth Avenue, Fall River, described in the first paragraph of the amended bill of complaint; that the premises were to be conveyed free of all encumbrances, except the taxes for the year 1920, for the purchase price of $3,250; that the plaintiff was to pay the defendant $50 for the privilege of entering a private sewer of the defendant on Plymouth Avenue, and was to reimburse the defendant for interest prepaid on a mortgage on the premises from the time the plaintiff took possession; that the plaintiff on May 27, 1920, paid the defendant $100 on account of the agreed purchase price and was given a receipt therefor; that on the same day the defendant gave the key of the house and possession of the

premises to the plaintiff; that the plaintiff has continued to occupy the property with the intention to make of it a permanent home, it being peculiarly suited to the needs of himself and family; that he signified his intention to the defendant of making repairs and improvements to the property; that the defendant approved and suggested the names of contractors to do the work; that with the knowledge and acquiescence of the defendant the plaintiff installed a bath and toilet room, with the usual fixtures, to replace an outhouse theretofore in use, set up a new sink in the kitchen and connected the premises with the city water and the private sewer; that he whitewashed two rooms, painted the sink-room, parlor, front hall and stairs, varnished and papered the kitchen, repaired the fence, improved the land and graded it to prevent leakage of water into the cellar, repaired conductor pipes and refitted doors, all of a total expenditure of $458.

On June 2, 1920, the plaintiff made a second payment of $100 on account of the purchase price, and it was agreed that the final payment should be made when the plaintiff could dispose of shares in a co-operative bank which he owned; this he did some time prior to July 2, 1920. On that day he went to the defendant's house with the money, told her he was ready to pay the money "and either showed the money to her or made it evident that he had it with him." The defendant told the plaintiff she would not take the money that night but that the transaction could be completed next day at the office of her attorney. On the next day at the office of the attorney a note and mortgage, which had been negotiated with a savings bank by or for the plaintiff to replace the mortgage on the premises, were executed by the plaintiff and his wife. After the note and mortgage were signed, a deed from the defendant to the plaintiff was read, conveying the premises agreed to be sold, subject to the taxes for the year 1920; and "Excepting and reserving unto the grantor, her heirs and assigns, forever, out of the lot above described, a right of way, and of passage for teams, vehicles, persons on foot and for all other purposes, from grantor's other land easterly of the lot above described, to and from Plymouth Avenue over a strip of land on the northerly bounds of the lot hereby conveyed eight feet in width." The master finds the "Reservation of the right of way would be a substantial diminution of the locus."

The plaintiff refused to accept the deed with the reservation. As regards the exception and reservation of the deed the master finds: "The defendant never told the plaintiff that she intended to reserve a right of way over this space, was careful not to mention anything about incumbrance, and the substance and intent of her statements concerning the matter was that she would like to be permitted to use it [the way] whenever occasion required for the use of said garden; and the plaintiff was willing that she should; in fine, the agreement was that he would permit such use whenever requested, and not that defendant should have an easement." It is plain an oral agreement to permit, whenever requested, a passage over land of the promisor to land of the promisee creates no enforceable interest in the land; and is at most a revocable license to use and enjoy a privilege, defined and limited in the terms of the agreement. Such an agreement as that, contained in a deed, would amount to an easement. *Morse* v. *Copeland,* 2 Gray, 302. *Cole* v. *Hadley,* 162 Mass. 579, 581.

The case is close, but we think the evidence of part performance sufficient to overcome the defence of the statute of frauds. The plaintiff received the key of the house from the defendant, took possession of the premises, which were peculiarly suited to his needs, and has continued to occupy them ever since. Induced by the agreement of the defendant to convey when the purchase price should be paid, the plaintiff sold his shares of stock in a co-operative bank and executed a note and mortgage with a savings bank in replacement of the mortgage on the premises. He also with the encouragement and at the suggestion of the defendant made the substantial changes and improvements in the premises above set out. In these circumstances the plaintiff cannot be made whole and restored to his rights if the contract be abandoned. *Potter* v. *Jacobs,* 111 Mass. 32. *Williams* v. *Carty,* 205 Mass. 396, 400.

The defendant's exception to the refusal of the court to recommit is overruled. The allowance or refusal of such a motion rests in the discretion of the judge and no error is perceived in the manner that discretion was exercised. *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 211.

The exceptions to the refusal of the master more definitely to report the facts relative to the defendant's rights or privilege

to use a right of way, and the exception to the refusal of the master definitely to find whether the facts found were a fraud or in the nature of a fraud upon the plaintiff, were properly the subject of a motion to recommit, and not for rehearing and revision by the court. These exceptions were rightly overruled.

The defendant was not injured by the refusal of the master to receive the testimony of the witness of the defendant tending to show the probability of the defendant reserving a right of way during the preliminary negotiations, as the facts sought to be elicited by this testimony were later brought out by other testimony, and a finding made thereon. This exception was rightly overruled.

It results on the facts that a decree for specific performance was rightly entered.

*Decree affirmed.*