WALTER C. COLLINS *vs.* HARRY R. STANBON & others.

Essex. November 9, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Mistake. *Contract*, In writing.

Where, after the agent of the owner of a lot of land, known as lot V on a certain plan, has pointed it out on the ground to a prospective purchaser and through an honest mistake has shown the boundary lines as including a larger area than the plan described, an agreement in writing for the sale of the lot is signed by the owner and the purchaser in which the lot is described merely as "Lot V" on the designated plan, and afterwards a deed is delivered which by metes and bounds correctly describes lot V, and the purchaser thereafter enters upon a strip of land, not included in the deed but previously pointed out by the agent of the grantor as to be included, and uses it for gardening purposes, the purchaser cannot maintain a suit in equity to have the deed corrected by reason of the alleged mutual mistake, even if the defendant owns the strip of land not conveyed; nor, there being no fraud involved and no breach of an agreement to convey other than lot V as shown on the plan, can he recover damages in such a suit.

BILL IN EQUITY, filed in the Superior Court on January 22, 1924, in which the plaintiff alleged that, relying on representations by an agent of the defendant, who pointed out premises to him on the ground, he had agreed to purchase of the defendant "Premises No. 55 Aspen Road Swampscott and shown as Lot V on plan of subdivision of Tillson & Stanbon Estate," and that, without knowing of any error by the defendant's agent or in the deed, he had accepted a deed describing said lot V as follows: "Southwesterly, but more westerly, by Aspen Road, Eighty-two and 99/100 (82.99) feet; Northwesterly, but more northerly, by lots 126A and 117, seventy-three and· 42/100 (73.42) feet; Northeasterly by Lot R and a part of Lot S as shown on said plan, Eighty (80) feet; and Southeasterly, but more southerly, by Lot W as shown on said plan, Fifty-three and 84/100 (53.84) feet"; that the lot pointed out and described by the defendant's agent on the ground would be described as follows: "Southwesterly, but more Westerly, by Aspen Road 82.99 feet; Northwesterly, but more Northerly, by Lots 126A and 117, 80.42 feet; Northeasterly by a part of Lot R and of Lot S on said plan 80 feet; Southeasterly, but more Southerly by a part of Lot S and Lot W on said plan, 60.84 feet"; that he had paid the defendants for the entire amount of said property as pointed out and shown to him and as above described and had occupied, used and improved the same; that the description in the instruments in writing was a mutual mistake; and that the defendants owned lots S and R referred to in the descriptions. The plaintiff sought to have the instrument corrected to include the omitted portion and that the defendants be ordered to convey such omitted portion to the plaintiff or that, "in lieu thereof that the defendants be ordered to pay the plaintiff the value of said omitted premises and any damage he may have sustained by reason of the matters herein complained of."

In the Superior Court, the suit was heard by *Walsh*, J., a stenographer having been appointed under G. L. c. 221, § 85, Equity Rule 35 (1905), to take the evidence. Material evidence is described in the opinion. By order of the judge, a final decree was entered reciting that the defendants'

agent through an honest mistake had wrongly represented to the plaintiff the boundary in question; that after the conveyance to him of the premises, the plaintiff had utilized that portion of the premises, included in the strip beyond the true boundary line and up to the line erroneously pointed out by the defendant's agent, for gardening purposes; that there was a mutual mistake as to the area of the property or location of the boundary line in the rear, from which the plaintiff had suffered damage by reason of having less space or area than he was given to understand he was purchasing; and awarding the plaintiff damages in the sum of $200. The defendants appealed.

The case was submitted on briefs.

*E. J. Garity & H. R. Mayo,* for the defendants.

*H. D. Linscott,* for the plaintiff.

BRALEY, J.   We assume from the findings of the judge that the plaintiff, relying thereon, was induced to purchase the land described in the bill through the representations of the defendant's agent as to the location of the boundary line in the rear of the property.   The agent was honestly mistaken, and upon comparison of the area conveyed by the description in the plaintiff's deed, with the area as it would have been if the line pointed out to the plaintiff while he and the agent were on the premises had been the true boundary line, it appears that a strip or parcel found to be approximately fifty or sixty feet long and seven feet in width is not included. But, even if the plaintiff has entered upon and improved this strip as a portion of the land, believing that he owned it, there is no contention that the written agreement entered into after the acts of the defendant's agent, as well as the deed which followed the agreement, did not accurately describe the property as lot V, on a plan of the defendant's land duly recorded. The bill alleges, that the description in these instruments is the result of a mutual mistake which he prays may be so corrected as to include the strip, or in the alternative for damages sustained by reason of the omission.   It is plain that specific performance cannot be decreed, for there was no agreement in writing covering the strip, and in the absence of fraud, which is neither alleged nor shown by the

evidence, there is no enforceable claim for damages. *Glass* v. *Hulbert,* 102 Mass. 24. *Tracy* v. *Blinn,* 236 Mass. 585. *Curran* v. *Magee,* 244 Mass. 1, 5. The decree awarding damages is therefore reversed, and a decree is to be entered dismissing the bill.

*Ordered accordingly.*