MARTHA LINSKY vs. EXCHANGE TRUST COMPANY.

Suffolk.    March 16, 1927. — May 21, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate: discharge, assignment, redemption. *Frauds, Statute of. Estoppel. Equity Pleading and Practice,* Demurrer.

A junior encumbrancer of real estate in order to be entitled to maintain a suit in equity to redeem from a prior mortgage must offer to pay in full the amount due according to the provisions of that mortgage; and an offer by him to such mortgagee conditioned upon an assignment of the mortgage to him is not a proper tender, the condition being one which a junior encumbrancer has no right to impose.

An agreement to give or assign a mortgage is an agreement to convey an interest in land and, to be enforceable, must be in writing.

Where, from the allegations in a bill in equity to enforce specific performance of a contract, it appears that the alleged contract between the parties was to convey an interest in land and was not in writing, the defence of the statute of frauds may be raised effectually by demurrer.

In a suit in equity by a junior encumbrancer to enforce an alleged oral agreement by the holder of a prior mortgage to assign the mortgage and mortgage note to the plaintiff upon the making of certain payments, the plaintiff alleged that, relying on the defendant's promise, he made withdrawals and lost interest, incurred expense for the employment of an attorney, entered into obligations with others, and made financial arrangements with the mortgagor whereby he agreed to lend to the mortgagor upon security a substantial sum in order to straighten out the mortgagor's financial troubles; and that he was legally bound to the mortgagor and undoubtedly would be compelled to carry out the arrangement or be subjected to a suit for damages on account thereof; and that by reason thereof there was a part performance of the agreement between the plaintiff and the defendant and such a change in the plaintiff's position that the defendant was estopped to set up the defence of the statute of frauds. *Held,* that the part performance alleged did not create an estoppel.

BILL IN EQUITY, filed in the Superior Court on November 3, 1926, and afterwards amended, for a decree ordering the defendant to assign to the plaintiff a mortgage and a mortgage note, held by the defendant, upon payment of unpaid principal and interest due upon the note.

The defendant demurred.   The demurrer was heard and was sustained by *Morton*, J., by whose order a final decree was entered dismissing the bill.   The plaintiff appealed.

*E. M. Dangel*, for the plaintiff.

*C. C. Barton*, for the defendant.

SANDERSON, J.   This case comes up by appeal from decrees sustaining a demurrer to the bill of complaint and dismissing the bill.

The Atlantic Theatres Corporation owns land in Melrose with an office building and theatre upon it.   The defendant is the present holder of a note secured by a first mortgage on this real estate.   The property is subject to a second mortgage securing an issue of bonds, some of which are held by the plaintiff.   The taxes on the property for the years 1925 and 1926 are not paid.

The allegations relating to an agreement between the plaintiff and defendant were, in substance, that the defendant represented, agreed and promised the plaintiff that it had a present intention to and would assign to her the mortgage and note without recourse; that it had already executed an assignment of the mortgage and note and would deliver them to her if she would withdraw substantial sums, amounting to about $20,000, from her savings account in the Old Colony Trust Company at a great loss of interest to herself, and would employ an attorney to represent her and be present at a certain time at the defendant's place of business, with a check certified by the Old Colony Trust Company for the principal of said mortgage, and another check of the Atlantic Theatres Corporation covering the accumulated interest which was due but not payable to the defendant.   The plaintiff further alleges that the representations, agreements and promises of the defendant were false and fraudulent, and made to induce her to act thereon, and the plaintiff, relying on them, made withdrawals and lost interest, incurred expense for employment of an attorney, entered into obligations with others and made financial arrangements with the Atlantic Theatres Corporation whereby she agreed to lend to it upon security a substantial sum in order to straighten out its financial troubles;

and that she is now legally bound to the Atlantic Theatres Corporation and undoubtedly will be compelled to carry out the arrangement or be subject to suit for damages on account thereof.  It is further alleged that the plaintiff did all things required of her by the agreement, but that, upon the presentation of the checks above referred to, the defendant refused to execute and deliver the assignment of the mortgage and note but offered to execute a discharge of them, which the plaintiff refused.  It is further alleged that the defendant conspired with the bondholders to cause the plaintiff to do these things and to increase the value of the bonds by having the defendant fail to carry out the agreement to assign.  The plaintiff asks that an assignment of the mortgage and note be ordered upon payment of the principal and interest to October 27, 1926, and for general relief.

The grounds of demurrer are, in part, that the alleged agreement, being oral, is invalid because of the statute of frauds; and that the alleged false representations and charges of conspiracy are insufficient to give the plaintiff any rights. Decrees were entered sustaining the demurrer and dismissing the bill, from which the plaintiff appealed.

The plaintiff contends that she has the rights of a junior encumbrancer and is entitled to be subrogated to the rights of the senior mortgagee.  If it be assumed in her favor that she, as holder of a part of the bond issue secured by the second mortgage, is entitled to redeem, still she has not paid the first mortgage; and if she could be found to have tendered payment, the offer was made upon condition that the mortgage be assigned, a condition which a junior mortgagee redeeming has no right to impose.  *Ryer* v. *Gass*, 130 Mass. 227.  *Kerse* v. *Miller*, 169 Mass. 44.  *Fitcher* v. *Griffiths*, 216 Mass. 174.  *Gilpin* v. *Brooks*, 226 Mass. 322, 325.

If the plaintiff has any rights under the bill, it is because of the alleged contract.  "A mortgage as between the parties conveys a fee in land subject to redemption.  Until foreclosure it constitutes a lien for the security of the debt or obligation, subject to which the property may be dealt

with as the estate of the mortgagor." *Derby* v. *Derby*, 252 Mass. 176, 178, and cases cited. An agreement to give or assign a mortgage is an agreement to convey an interest in land and, to be enforceable, must be in writing. G. L. c. 259, §§ 1, 4. See *Young* v. *Miller*, 6 Gray, 152, 153; *Dix* v. *Marcy*, 116 Mass. 416; *Gross* v. *Milligan*, 176 Mass. 566. It sufficiently appears by the bill that the alleged agreement between the parties was not in writing. In such case, the defence of the statute of frauds may be made by demurrer. *Ahrend* v. *Odiorne*, 118 Mass. 261, 269. *Miller* v. *Burt*, 196 Mass. 395. *Southwick* v. *Spevak*, 252 Mass. 354.

But the plaintiff contends that, upon the allegations in the bill, there was a part performance of her agreement and such a change in her position that the defendant is estopped to set up the defence of the statute of frauds. It has been held that the payment of the whole purchase price is not a part performance which entitles the vendee to specific performance of an oral agreement to convey land. *Holmes* v. *Winchester*, 135 Mass. 299, 303. See *Tracy* v. *Blinn*, 236 Mass. 585, 588. The reason for the rule is, that complete recovery can be had in an action at law. The plaintiff in the case at bar is in no better position than one who has paid the full purchase price. The part performance alleged does not create an estoppel. *Tracy* v. *Blinn, supra*. The defendant is not trying to take advantage of anything that has been done in performance of or on the faith of the agreement. *Glass* v. *Hulbert*, 102 Mass. 24, 40.

The allegations as to conspiracy give the plaintiff no right to a decree for the assignment of the mortgage. All contentions urged by the plaintiff have been considered and the order must be

*Decree affirmed with costs.*