# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

HAROLD S. ANDREWS & others *vs.* MILINA CHARON.

Berkshire.    September 19, 1933. — January 2, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Equity Jurisdiction*, To reform deed, Mistake.    *Estoppel.    Frauds, Statute of.*

Through mutual mistake of the parties to a deed, it described only one half of the parcel of land which both parties intended should be conveyed thereby.  There was no contract in writing between the parties.  At the time when the deed was given, the grantee paid the purchase price for the whole parcel, gave a mortgage of the portion described in the deed and conveyed that portion to his mother, who assumed the mortgage.  Thereafter, until the mother's death twelve years later, she and the original grantee and other members of her family occupied and exercised control over the whole parcel and paid the taxes assessed thereon.  They made their home in buildings on the portion described in the deed.  The portion not so described was used only as a garden and on it were set out shrubs, flowers, and the like.  After the mother's death, the members of her family continued such use and occupation for more than a year, when the original grantor commenced to assert ownership of the portion not described in his deed.  In a suit in equity by the original grantee and the other heirs of his mother against the original grantor to have his deed reformed by including in the description therein the portion not previously included, the defendant relied upon the statute of frauds.  A final decree in favor of the plaintiffs was entered.  *Held,* that

(1) On the facts, if relief were not given, an unjust and unconscientious injury and loss would result to the plaintiffs, and therefore the defendant was estopped to rely upon the statute of frauds;

(2) The decree was proper.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated June 22, 1932, and afterwards amended, described in the opinion.

The suit was referred to a master. Material findings by him are described in the opinion. By order of *W. A. Burns,* J., there were entered an interlocutory decree confirming the master's report, a decree pertaining to certain other interlocutory matters and a final decree in the plaintiffs' favor. The defendant appealed from the second interlocutory decree and from the final decree.

*F. A. Hanlon,* for the defendant.

*H. L. Harrington,* for the plaintiffs.

FIELD, J. This is a suit in equity brought by Harold S. Andrews, hereinafter called the plaintiff, for reformation of a deed of land from the defendant to the plaintiff by changing the description of the land conveyed so as to include other land not originally within the description. Other heirs at law and the husband of the plaintiff's mother were by amendment of the bill added as parties plaintiff. The defendant pleaded, with other defences, the statute of frauds. The case was referred to a master whose report was confirmed and thereafter a decree for reformation of the deed as prayed for was entered from which the defendant appealed. There is also an appeal from an interlocutory decree.

Prior to April 5, 1919, the defendant was the owner of a parcel of land eight by eight rods in size, having taken title thereto under two deeds each of which conveyed to her a parcel of land eight by four rods in size. By the deed now in question, dated April 5, 1919, she conveyed one of these parcels to the plaintiff, and the plaintiff, when the deed was delivered, paid the agreed price of $4,000. The plaintiff procured $3,000 of the purchase price by a mortgage of the property to the Adams Co-operative Bank on April 5,

1919, and on the same day by a deed recorded October 6, 1922, he conveyed the land described in the deed to his mother, subject to the mortgage, apparently for the same consideration, and she assumed the mortgage. The mother died intestate March 7, 1931. No written agreement was at any time entered into between the plaintiff and the defendant in connection with the purchase and sale of the premises. The master found, however, that "the plaintiff intended to purchase from the defendant and the defendant intended to sell and convey to the plaintiff, in consideration of the payment to her by the plaintiff of the sum of $4,000," the parcel of land eight by eight rods in size, above referred to, made up of the two parcels, each eight by four rods in size, that "it was the intention of the plaintiff and of the defendant that the defendant's deed to the plaintiff should include both of said parcels of land," and that one of them "was omitted from said deed of the defendant to the plaintiff dated April 5, 1919, through the mutual mistake of the plaintiff and the defendant."

The defendant does not contend that the finding of mutual mistake was wrong. Her only contention is that in the circumstances of this case the statute of frauds is a defence to the suit to reform the deed so that it will conform to the intention of the parties.

Since the bill seeks to have the deed reformed so as to include land not within the original description, the statute of frauds is a defence unless the specific facts found take the case out of the operation thereof. In the leading case of *Glass* v. *Hulbert*, 102 Mass. 24, 43, it was said that "the conveyance of land cannot be decreed in equity by reason merely of an oral agreement therefor, against a party denying the alleged agreement and relying upon the statute of frauds, in the absence of evidence of change of situation or part performance creating an estoppel against the plea of the statute. This rule applies as well to the enforcement of such an agreement by way of rectifying a deed, as to a direct suit for its specific performance." See also *Williams* v. *Carty*, 205 Mass. 396, 400; *Tracy* v. *Blinn*, 236 Mass.

585, 587. Whether the facts found in this case create such an estoppel is the question for our decision. We think that they do.

Material facts include these: There was a comparatively modern dwelling house, and also a barn, on the parcel of land described in the deed and no buildings or structures of any kind on the other parcel. Soon after the conveyance, the plaintiff with his father, mother and three brothers moved to the premises and "the plaintiff has continued to live and make his home upon said premises up to this time while the plaintiff's mother lived and made her home upon said premises until the time of her decease," and from the time "when the plaintiff and his mother took up their residence upon the premises . . . the plaintiff and his mother and her family up until March 7, 1931, the date of the plaintiff's mother's death, and thereafter the family of the plaintiff's mother consisting at that time of the plaintiff and his father and perhaps a brother of the plaintiff, used and occupied as their own and exercised full and complete ownership and control over the entire property . . . eight by eight rods in size." Whatever occupation or use of this parcel of land "was made by the plaintiff subsequent to April 5, 1919, was until his mother's decease made by him in behalf of his mother to whom he had conveyed the property deeded to him by the defendant, and after March 7, 1931, the date of his mother's death, in the capacity of . . . administrator of his mother's estate or" one of the heirs at law.

The entire premises, including the parcel not described in the deed, have been assessed as a single parcel since April 5, 1919, to the plaintiff, his mother, or his mother's heirs and devisees, and taxes thereon have been paid through the year 1930 by the plaintiff, his mother, or the plaintiff as administrator of his mother's estate.

The parcel of land not described in the deed was used as a garden by the plaintiff's mother during her lifetime and for one year thereafter by the plaintiff. "The plaintiff's mother also caused to be set out a hedge of flowering shrubs at the northeasterly corner of said parcel . . . a half dozen or more rose bushes on the northerly part of said land . . .

many varieties of flowers at different places on said land, and a considerable number of raspberry bushes on the westerly part of said land . . . [She] also caused certain wild apple trees which were on said land to be cut down and caused an arbor to be built for the grape vine which was growing on the northerly part of said land." Neither the plaintiff nor his mother ever erected any buildings upon this parcel of land and neither of them "ever made any substantial expenditures for improvements of a permanent nature in connection with said parcel of land other than whatever expenditures may have been made by or on account of the plaintiff's mother in the planting or setting out of certain shrubbery, flowers, raspberry bushes and the like, as hereinbefore more specifically set forth . . . the cost of which is not disclosed by the evidence."

Before June 11, 1932, "the defendant had supposed that the parcel of land in question was included in her deed dated April 5, 1919, to the plaintiff," but on or about June 21, 1932, she "commenced to use and occupy and assert ownership" over it.

The basis for estoppel against setting up the statute of frauds is such change of situation or part performance by the party seeking relief as places him "in a situation which is a fraud upon him, unless the agreement is fully performed." *Curran* v. *Magee*, 244 Mass. 1, 5. *Gadsby* v. *Gadsby*, 275 Mass. 159, 168. The primary consideration is not the unjust retention of a benefit by the party setting up the statute (see, however, *Des Brisay* v. *Foss*, 264 Mass. 102, 110), but the fact that by reason of that party's failure to convey in accordance with an oral agreement or mutual understanding relied on by the other party the party seeking relief suffers "the infliction of an unjust and unconscientious injury and loss." *Glass* v. *Hulbert*, 102 Mass. 24, 36. *Davis* v. *Downer*, 210 Mass. 573, 576.

Here there was full payment of the purchase price of the entire premises. It has been held that such a payment alone is not sufficient part performance to take a case out of the statute (*Glass* v. *Hulbert*, 102 Mass. 24, 28; see *Collins* v. *Stanbon*, 254 Mass. 339; compare *Linsky* v.

*Exchange Trust Co.* 260 Mass. 15, 18), but that in connection with other facts such a payment is entitled to weight. *Williams* v. *Carty,* 205 Mass. 396, 399. See also *Burns* v. *Daggett,* 141 Mass. 368, 375; *Parker* v. *Page,* 270 Mass. 167, 174. In the present case also (unlike *Glass* v. *Hulbert,* 102 Mass. 24, 28, and *Tracy* v. *Blinn,* 236 Mass. 585, 588, where relief was denied) it appears that possession was taken of the entire premises, including the parcel not described in the deed, with the knowledge and acquiescence of the grantor and in reliance on the mutual understanding in regard to the extent of the property to be conveyed. Though mere change of possession may not be sufficient part performance (*Glass* v. *Hulbert,* 102 Mass. 24, 32–34) it is a fact to be considered in connection with other facts. *Williams* v. *Carty,* 205 Mass. 396, 399. *Curran* v. *Magee,* 244 Mass. 1, 4. See also *Morse* v. *Winslow,* 254 Mass. 407, 409.

In this case, however, there are more facts than full payment of the purchase price and a mere change of possession to show a change of situation in reliance on the mutual understanding which failed of expression in the deed. See *Fireman's Fund Ins. Co.* v. *Shapiro,* 286 Mass. 577, 582. The plaintiff, to obtain a large part of the purchase price, gave a mortgage which his mother assumed when the deed to her was given. See *Mason* v. *Albert,* 243 Mass. 433, 437. And taxes assessed on the entire premises were paid by the plaintiff or his mother over a period of eleven years. *Curran* v. *Magee,* 244 Mass. 1, 4. See also *Tracy* v. *Blinn,* 236 Mass. 585, 589. Compare *Burns* v. *Daggett,* 141 Mass. 368, 375.

The parcel of land not included in the description in the deed was one half the area intended to be conveyed — not a comparatively small part thereof as in *Collins* v. *Stanbon,* 254 Mass. 339. And the occupation of the premises continued for more than thirteen years. Compare *Parker* v. *Page,* 270 Mass. 167, 174. The occupation of the premises not described in the deed, as the findings show, was an occupation of the parcel as an integral part of the premises as a whole. Moreover, the nature of the occupation of

the premises — as a home for the plaintiff's mother and
her family, including the plaintiff — and the length of the
period of occupancy fairly imply, as was expressly found in
*Mason* v. *Albert*, 243 Mass. 433, 436, in regard to the plain-
tiff in that case, that she "has continued to occupy the
property with the intention to make of it a permanent
home, it being peculiarly suited to the needs of . . . [her-
self] and family." Though the plaintiff and his mother
did not give up another home in reliance on the mutual
understanding of the parties as did the plaintiff in *Williams*
v. *Carty*, 205 Mass. 396, the reasonable consequences of
the long occupation of the premises as a home, in reliance
on this understanding, might equally well make it in-
equitable to deprive the plaintiff, and the other persons
joined with him in this suit, of these premises as a home, or
of one half of the area thereof.

The making of substantial improvements on the land is
ordinarily an important element in the part performance
which takes a case out of the statute of frauds. *Potter* v.
*Jacobs*, 111 Mass. 32. *Curran* v. *Magee*, 244 Mass. 1.
*Hazleton* v. *Lewis*, 267 Mass. 533, 538, and cases cited. In
this respect the case is not strong. But there was more
than a temporary use of the parcel not described in the
deed. There were some permanent improvements in the
way of developing this parcel as a part of the entire premises
for occupation of the whole as a home. Compare however
*Burns* v. *Daggett*, 141 Mass. 368, where the other facts
were less favorable to relief and relief was denied.

Without relying on any particular fact alone but con-
sidering the effect of all the facts in combination we con-
clude that "an unjust and unconscientious injury and loss"
will result therefrom if relief is denied. See *Curran* v.
*Magee*, 244 Mass. 1, 5–6.

The defendant properly does not contend that right to
relief is affected by the fact that the plaintiff, the original
grantee, conveyed the premises to his mother and that
many of the acts relied on to take the case out of the statute
of frauds were done by her or in her behalf. She succeeded
to any rights which he had to have the deed to him reformed.

Am. Law Inst. Restatement: Contracts, § 506.    23 R. C. L. 338–339.    Furthermore, the mutual mistake was repeated in the deed from the plaintiff to his mother.    The facts show that she shared with the plaintiff and the defendant in the understanding in regard to the premises to be conveyed which did not find expression in the deed. Though she took title only indirectly from the defendant, her conduct in reliance on this understanding has a bearing on the question whether "an unjust and unconscientious injury and loss" will be inflicted if the deed from the defendant to the plaintiff is not reformed.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*