Nash, J.
This is an action of contract to recover damages for breach of a contract by the defendant in failing to enter into a lease with the plaintiff. The answer is a general denial and the Statute of Frauds. The plaintiff filed a replication setting forth that the plaintiff and the defendant had entered into a contract for a lease of the premises in question, that the plaintiff paid by check a month’s rent and that relying upon this contract the plaintiff gave up part of the premises he then occupied and upon learning of the defendant’s intention not to carry out his part of the contract the plaintiff was unable to obtain again the premises he had given up, that as a result of the defendant’s breach the plaintiff’s status was materially altered, that he could not put himself back in status quo and that *110 therefor in equity said facts would avoid the defense of the Statute of Frauds set up by the defendant.
At the trial the Court found that the plaintiff in the summer of 1945 occupied as tenant at will, selling paints and toys and doing decorating work, two adjoining stores at 1282 and 1284 Acushnet Avenue paying as rent $60.00 a month for each. These two stores were not large enough for the plaintiff. His landlord notified the plaintiff of an increase in rent and offered him the stores at the increased rental. The plaintiff asked the defendants if they would lease him their store at 1287 Acushnet Avenue then occupied by the Puritan Stores. This store was larger than the stores occupied by the plaintiff. A short time thereafter the defendants orally offered to lease the store to the plaintiff for a term not exceeding a year at a monthly rental of $100.00 payable in advance after the lease to the Puritan Stores had expired on October 31, 1945. After a few days had elapsed the plaintiff gave the defendant a check for $100.00 to bind the bargain and to pay the rent for the first month. The defendant kept the check but he did not cash it. The defendant told the plaintiff they were fed up with the Puritan Stores; that they did not keep the premises clean, thereby drawing rats and rodents and that they had definitely concluded to put out the Puritan Stores. The defendant gave the Puritan Stores notice to quit by November 1, 1945. Thereafter as a result of a talk between a supervisor of the Puritan Stores and the plaintiff the plaintiff talked with the defendant again telling him he understood the Puritan Stores had offered more rent. The defendant informed the plaintiff it was not a question of rent, he wanted the Puritan Stores out and he would not go back on his word. The plaintiff relying upon the promise of the defendant to lease to the plaintiff the premises at 1287 Acushnet Avenue did not negotiate with his landlord for retention of the premises at 1282 and 1284 *111 Acushnet Avenue and was notified to vacate. He took down shelving and fixtures at 1282 Acushnet Avenue in dismantling the store and gave up the store relying upon the promise of the defendant. Thereafter the defendant told the plaintiff that he had changed his mind and had given a lease to the Puritan Stores for 1287 Acushnet Avenue for $100.00 a month rental and he was sorry he had had to do it. The plaintiff was forced to rehire the store at 1284 Acushnet Avenue at an increase in rent and was unable to regain the store at 1282 Acushnet Avenue.
The Court found that the “acts of the plaintiff did not take the matter out of the Statute of Frauds and that any part performance by the plaintiff does not avail him anything in this action”. .
At the request of the defendant the trial judge made the following rulings:
“Upon all the law and evidence, the finding must be for the defendants because:
a) The contract declared on was for an interest in real estate and was not in writing signed by either of them or by any person lawfully authorized by either of them.
b) No sufficient written memorandum concerning the same was signed by either of them or by any person lawfully authorized by either of them.”
The report sets forth twelve requests for rulings filed by ■ the plaintiff and ten by the defendant as well as seven questions of evidence offered but excluded by the trial judge.
We do not further discuss these questions because we think the judge was wrong on his conclusion after finding the facts as he did and any discussion of the questions dealing with the admissibility of certain evidence and requests for rulings would be idle.
*112 In accordance with the provisions of the statute Gr. L. (Ter. Ed.) C. 231, S. 35 in order to set up an equitable avoidance of defense the plaintiff must establish facts which in equity would avoid the defense or would “entitle the plaintiff to be absolutely and unconditionally relieved in equity against such defense.”
We think he has established such a defense.
The oral agreement for the lease of a building is an agreement for the sale of an interest in lands. Miles v. Janvrin, 200 Mass. 514, 517. Flanagan v. Welsh, 220 Mass. 186, 189, 190, and is within the scope of clause four of the Statute of Frauds and the Statute is a defense unless upon the facts found the case is taken outside its operation. Andrews v. Charon, 289 Mass. 1, 3, but a person who relies upon the statute may be estopped from using it as a defense against a person who has suffered such a change of position or part performance as puts him “in a situation which is a fraud upon him unless the agreement is fully performed”. Curran v. Magee, 244 Mass. 1, 5. Gadsby v. Gadsby, 275 Mass. 159, 168. Andrews v. Charon, 289 Mass. 1, 5. The basic consideration is that the party seeking relief has suffered “the infliction of an unjust and unconscientious injury or loss” because of the other party failing to perform his'oral agreement which the first party was justified in relying upon resulting in a fraud upon the party seeking relief. Glass v. Hulbert, 102 Mass. 24, 36. Davis v. Downer, 210 Mass. 573, 576.
As was said in the case of Davis v. Downer, 210 Mass. 573 at 576,
“But fraud itself may be enough to avoid the defense of the statute of frauds. Where a person has been induced to make expenditures upon land, to construct improvements thereon or to change his situation materially in reliance upon the performance of *113 the oral agreement and in expectation of the rights to be acquired thereby, refusal to carry out the agreement is not merely deprivation of the rights it was intended to confer, which alone is within the statute of frauds, but is in addition “an infliction of an unjust and unconscientious injury and loss. In such case, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds.” Glass v. Hulbert, 102 Mass. 24, 36.
This principle is well established and frequently resorted to. Williams v. Carty, 205 Mass. 396, and cases cited at 400.
Where the conduct of a person has been such that another has been induced to change his situation in good faith and is of such a kind that a reasonable man would rely upon it, an equitable estoppel may be held to exist. Tracy v. Lincoln, 145 Mass. 367, 359, 360. Snow v. Hutchins, 160 Mass. 111, 116, 117. Deans v. Eldredge, 217 Mass. 583, 588. E. V. Harmon & Co. v. Wm. Filenes Sons Co., 232 Mass. 52, 55. Rockport Granite Co. v. Plum Island Beach Co., 248 Mass. 290, 295: Whether estoppel is established is a question of fact where more than one inference could be drawn from the evidence. Gorton Pew Fisheries Co. v. Tolman, 210 Mass. 402, 407, 408, Boston & Albany Railroad v. Reardon, 226 Mass. 286, 291. Taylor v. Jones, 242 Mass. 210, 216.
But there could not have been more than one inference drawn from the facts found by the trial judge. He found the oral contract existed as alleged; that the plaintiff relied upon the defendant’s acting in accordance with its terms; and that the plaintiff gave up his store in reliance upon the defendant’s agreement that he would rent the plaintiff the store in question and that the plaintiff went *114 to expense in taking down shelving, dismantling one of his two stores and lost the tenancy of the other. It is evident that the plaintiff’s status had been materially altered because of his reliance upon the oral contract, that he could not be placed in status quo and that he had suffered damages, though the report is meagre upon fixing the amount of damage. The trial judge’s findings which were warranted upon the evidence set forth in detail every essential fact which was necessary to set up an estoppel. On such facts it appears that “no other conclusion is logically or legally possible.” Levin v. Rose, 302 Mass. 378, 382. J. H. Gerlach Co., Inc. v. Noyes, 251 Mass. 558, 565, 566, McLearn v. Hill, 276 Mass. 519, 527. Raldne Realty Corp. v. Brooks, 281 Mass. 233, 238. Looney v. Trimount Theatres Inc., 282 Mass. 275, 278.
We think the trial judge was in error in his finding that the “acts of the plaintiff did not take the matter out of the 'Statute of Frauds and that any part performance by the plaintiff does not avail him anything in this action” and that such error is prejudicial.
The finding for the defendant is to be vacated and the case is to stand for a new trial.