BERNICE TYLER TURGEON vs. WILFRED EUGENE TURGEON.

Hampden.    September 21, 1950. — November 2, 1950.

Present:  QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Equity Pleading and Practice*, Master: findings; Rehearing.

An interlocutory decree confirming a master's report and a final decree
    dismissing the bill in a suit in equity were reversed and the suit was
    remanded for rehearing in the trial court where the master's report
    said little or nothing about the issue raised by the bill but instead
    dealt ambiguously with an issue not raised by the pleadings, conclud-
    ing with a general finding "for the defendant."

BILL IN EQUITY, filed in the Superior Court on Septem-
ber 27, 1945.

Upon the filing of a master's report, a motion by the plain-
tiff to recommit "for the following purposes: 1. To enable
the master to find all the constituent, basic, elemental or
subsidiary facts upon which his ultimate conclusion is based
so that the court may rule upon the legal effect of the trans-
action between the parties.  .  .  .  3. That the master find
the nature of the transaction between the parties," was
denied by *Giles*, J., by whose order an interlocutory decree
confirming the master's report and a final decree dismissing
the bill were entered.   The plaintiff appealed from the final
decree.

In this court the case was submitted on briefs.

*M. Michelson & M. A. Gordon*, for the plaintiff.

*F. J. McKay*, for the defendant.

SPALDING, J.   The plaintiff, who is the wife of the de-
fendant, brings this bill to establish her interest in a business
standing in the defendant's name.   The bill alleges that the
plaintiff and the defendant established and conducted a
business together; that the plaintiff furnished the capital
for the business; that the understanding was that each was
to have an equal share and ownership of the "joint accumu-

lations in said business"; that the plaintiff placed trust and confidence in the defendant and permitted the business and the property used in connection with it to stand in the defendant's name; and that the defendant in violation of this understanding has refused to turn over to the plaintiff her share of the profits. The bill prays for a decree determining that the defendant holds the business and property in trust for the equal benefit of the plaintiff and himself.

The case was referred to a master under the usual rule (see Rule 86 of the Superior Court [1932]), and his report was confirmed by an interlocutory decree. Thereafter a final decree was entered dismissing the bill, from which the plaintiff appealed.

The plaintiff argues that the report of the master does not contain sufficient findings touching the essential issues in the case to afford an adequate basis for a decree, and asks that the case be remanded for further findings. A similar contention was made in the court below, without success, in support of a motion to recommit the master's report. We are of opinion that there is merit in this contention. It appears from the report of the master that the plaintiff and the defendant were engaged in a business enterprise together and that the plaintiff turned over to the defendant from time to time various sums of money. But the report sheds little or no light on the nature of these transactions or the agreement or understanding, if any, under which they were entered into. Consequently it is not possible to say whether or not the allegations set forth in the plaintiff's bill were proved.

The ultimate finding of the master was as follows: "At the time of the delivery of the check for two thousand ($2,000) dollars in 1935 or at any other time was there an understanding between the parties that the plaintiff was to be the owner of the business and that the defendant was to manage it for her, and I so find." This finding, which the master evidently considered was decisive of the case, is ambiguous, to say the least. As worded it could mean that

there *was* an understanding to the effect that the plaintiff
was to be the owner of the business and that the defendant
was to manage it for her.  Or it could mean that there was
no such understanding.  To arrive at the latter construction
it is necessary to add the word "neither" and substitute
"nor" for "or," so that the sentence would read, "Neither
at the time of the delivery of the check for two thousand
($2,000) dollars in 1935 nor at any other time was there an
understanding between the parties that the plaintiff was to
be the owner of the business and that the defendant was to
manage it for her."  It is not unlikely that this is what the
master intended to say inasmuch as the next and concluding
sentence of the report reads, "On the foregoing facts and on
all the evidence presented to me I, therefore, find for the
defendant."  But even if we were at liberty to place this
construction on the report, it does not answer the plaintiff's
argument, namely, that the report does not deal adequately
with the issue on which the bill is framed.  That issue is
whether the defendant holds a portion of the business and
the property used in connection with it in trust for the plain-
tiff.  Touching that issue the report says little or nothing.
Instead it dealt — and somewhat ambiguously — with an
issue not raised by the pleadings.  This defect is not cured
by the general finding for the defendant.  The parties were
entitled to subsidiary findings touching the relevant and
vital issues of the case.  See *Dodge* v. *Anna Jaques Hospital,*
301 Mass. 431, 436; *New England Factors, Inc.* v. *Genstil,*
322 Mass. 36, 43.

"Where the facts on which the rights of the parties depend
have not been ascertained at the trial it is within the power
of the court, in its discretion and of its own motion, to re-
commit the cause for retrial."  *DeVeer* v. *Pierson,* 222 Mass.
167, 175.  *Watkins* v. *Simplex Time Recorder Co.* 316 Mass.
217, 224–225, and cases cited.  We are of opinion that this
is such a case.  We reach this conclusion with some reluc-
tance as it will mean further delay in a case already inordi-
nately delayed.  (It appears that more than two and a half
years have elapsed between the time when hearings were

begun and the filing of the master's report.)  But we see no escape from it.  Whether the rehearing should be before the court or before a master is for the Superior Court to determine.  In the event the latter course is pursued the judge is to determine to what extent consistent with this opinion the report of the master is to be set aside.

The entry is to be: Final decree reversed; interlocutory decree confirming report of master reversed; the suit to stand for further proceedings in the Superior Court.

*So ordered.*