JOSEPH FISHER *vs.* GEORGE E. MACDONALD.

Bristol.   October 25, 1954. — June 20, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Frauds, Statute of. Equity Jurisdiction,* Specific performance. *Contract,* For sale of real estate, Performance and breach, Validity. *Lord's Day.*

In a suit in equity for specific performance of an oral agreement to sell a house to the plaintiff for a specified price payable by payment of a certain sum monthly and by the plaintiff's performance of certain work, the plaintiff to keep the house in repair and to pay taxes and other bills pertaining to it, the doctrine of part performance precluded reliance by the defendant on the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, where a master's report contained conclusive findings that the plaintiff left a satisfactory apartment and moved into the house at the defendant's request, did a substantial amount of work "in accordance with the agreement," repaired the house, paid the designated bills except some inconsequential ones and others to whose nonpayment the defendant assented, made the monthly payments, and offered to pay the balance due. [729]

Performance on Sunday by a plaintiff of an undetermined part of work he had agreed to do for the defendant against the purchase price of a house which the defendant agreed to sell him under an oral agreement not providing for the doing of such work on Sunday was not a defence to a suit for specific performance of the agreement to sell. [729]

BILL IN EQUITY, filed in the Superior Court on July 21, 1950.

The suit was heard by *Smith,* J., upon a master's report.

*V. Jean Deponte & Joseph E. Gaynor,* for the defendant, submitted a brief.

*Daniel A. J. Doyle,* for the plaintiff.

LUMMUS, J. By an oral agreement made in 1946 the plaintiff agreed to buy and the defendant agreed to sell a house in Attleboro for $4,500, payable $22 a month without interest. The parties had been close friends for fifteen to eighteen years. The defendant owned the house next to the house which was the subject of the agreement. It was agreed that "the work which the plaintiff would do around the defendant's house would help pay for the house," and that the plaintiff would pay the taxes, water bills, and insurance and keep the house in good repair. Because of their long friendship the defendant wanted the plaintiff to own the house and made the payments low enough so that the plaintiff could meet them.

The plaintiff at the request of the defendant left the apartment he then occupied, with which he was satisfied, and moved into the house and did work "upon the defendant's premises" which the master finds was "in accordance with the agreement" and of the value of $1,231.25. How much of this work was upon the premises which were the subject of the sale and how much upon the defendant's adjoining property and how much was for a few other items of work in the defendant's behalf does not clearly appear, but it does appear that the plaintiff renovated the inside of the house which was the subject of the sale and also made minor repairs upon it, and that all the work done, amounting to $1,231.25, was in accordance with the agreement. The master found that the balance due from the plaintiff to the defendant after deducting the monthly payments of $22 and the $1,231.25 was $2,659.80. The house was worth $11,000 in 1950, when this suit was brought. In January of that year the plaintiff offered to pay the balance due, but the defendant refused to sell at the price agreed.

The final decree ordered the defendant to convey on payment of the balance of the purchase price. The defendant appealed from the final decree.

The principal defence is that there was no contract or memorandum thereof signed by the defendant. G. L. (Ter. Ed.) c. 259, § 1. But the plaintiff was put into possession and has furnished part of the consideration in money and services. That is sufficient to enable him to invoke the doctrine of part performance in aid of his suit for specific performance of the oral contract. *Glass* v. *Hulbert,* 102 Mass. 24. *Derby* v. *Derby,* 248 Mass. 310, 314. *Hazleton* v. *Lewis,* 267 Mass. 533. *Andrews* v. *Charon,* 289 Mass. 1. *Winstanley* v. *Chapman,* 325 Mass. 130. The failure of the plaintiff to pay certain tax bills was with the consent of the defendant. Neither this nor the failure to pay certain water and insurance bills of small amount is shown to have been a substantial breach by the plaintiff. All these items are charged against the plaintiff in the account set forth by the master.

Three days before this suit was entered the defendant, over the protest of the plaintiff, started painting the house at a cost of $517. There are no findings on which the defendant can charge this to the plaintiff. Even if the house was in need of paint, it does not appear that the plaintiff had refused to paint it or would not have done so in reasonable season if the defendant had not.

A further defence suggested is that part of the plaintiff's work was performed on Sunday. It does not appear that the contract itself called for work on Sunday or how much work was done on Sunday, and the plaintiff is not seeking to recover for Sunday work. We think it is not a defence that an undetermined part of the plaintiff's work was performed on Sunday. *Gordon* v. *Levine,* 197 Mass. 263, 265–266. *Horn* v. *Dorchester Mutual Fire Ins. Co.* 199 Mass. 534, 539.

Since there was no appeal from the interlocutory decree confirming the master's report, we have decided the case, as we were bound to do, solely upon the findings of the master. *Samuel & Nathan E. Goldstein, Inc.* v. *Dietz,* 284 Mass. 548. *Perry* v. *Oliver,* 317 Mass. 538.

*Final decree affirmed with costs*
*of the appeal.*