AMANDA L. FISHER, individually and as administratrix, &
another *vs.* GEORGE E. MACDONALD.

Bristol.   October 29, 1956. — February 11, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS,
& WHITTEMORE, JJ.

*Equity Pleading and Practice,* Proceedings after rescript, Rehearing.

After this court had affirmed a final decree in equity ordering specific
performance of a contract to convey land on the basis of a confirmed
master's report, where the description of the land in both the master's
report and the decree was inaccurate, it was permissible for the trial
court, upon determination of the correct description through hearing
by a judge without sending the suit back to the master, to correct the
description in entering the final decree after rescript.

BILL IN EQUITY, filed in the Superior Court on July 21,
1950.

Following the decision by this court reported in 332 Mass.
727, a final decree after rescript was entered by *Paquet,* J.

*V. Jean Deponte,* for the defendant.

*Edmund F. Henry,* (*John W. McIntyre* with him,) for the
plaintiffs.

WILLIAMS, J.   This is a suit in equity to obtain specific
performance of an oral contract to convey to Joseph Fisher,
now deceased, hereinafter called the plaintiff, a parcel of
land with the buildings thereon located at 390 South Main
Street in Attleboro.   A report of a master was confirmed
and a final decree entered ordering the defendant on pay-
ment of the balance of the agreed purchase price to convey
to the plaintiff the parcel of land described as follows: "Be-
ginning on the south side of South Main Street at the north-
west corner of land of Mary A. Jones; thence running
northerly by the south side of said street fifty (50) feet to a
corner; thence, easterly and parallel with the line of said
Jones land one hundred and fifty (150) feet to a corner;
thence southerly and parallel with said street fifty (50) feet

to the line of said Jones land; thence westerly by said land one hundred and fifty (150) feet to the point of beginning." On the defendant's appeal to this court we affirmed the final decree (*Fisher* v. *MacDonald,* 332 Mass. 727), stating (page 729) that the case was decided "solely upon the findings of the master." According to these findings the parcel in question was bounded and described as follows: "Beginning on the east side of South Main Street at the northwest corner of land of Mary A. Jones; thence running northerly by the east side of said street fifty (50) feet to a corner; thence easterly and parallel with the line of said Jones land one hundred and fifty (150) feet to a corner; thence southerly and parallel with said street (50) feet to the line of said Jones land; thence westerly by said land one hundred and fifty (150) feet to the point of beginning."

The description of the parcel both in the master's report and in the final decree was inaccurate, and after rescript the plaintiff filed a motion in the Superior Court, supported by affidavit (see *Nagle's Case,* 310 Mass. 193, 198), to correct the description as stated in the final decree. Upon consideration of the affidavit which purported to state the correct description of the parcel to which the master's report and the final decree referred, a judge of the Superior Court, after hearing, entered a final decree after rescript in accordance with the mandate of the rescript, but with the description of the property to be conveyed altered to read as follows: "Beginning at a point in the southerly line of South Main Street at the northeast corner of land formerly of Mary A. Jones, which point is also 30 feet easterly from a stone bound set at the northeast corner of land now of Isabel Fishbach; thence running easterly by the south side of said street 50 feet to a corner and land of George E. MacDonald; thence running southerly 150 feet to a corner; thence running westerly and parallel with South Main Street 50 feet to a corner; thence running northerly and parallel with the line of said MacDonald land 150 feet to the point of beginning." The defendant's appeal from this decree after rescript is the matter now before us.

This court held in *Long* v. *George*, 296 Mass. 574, 577, that upon being shown that "the record upon which the case was decided in this court was inadequate or erroneous in an essential matter of fact, [the Superior Court] had power in its discretion [after rescript] to reopen the case in order to obtain a full and accurate revised finding of the facts, and then to enter a decree upon that finding not inconsistent with the principles of law laid down by this court." See *West* v. *Platt*, 124 Mass. 353, 355; *Fred T. Ley & Co. Inc.* v. *Sagalyn*, 302 Mass. 488, 495; *Carilli* v. *Hersey*, 303 Mass. 82, 86; *Nagle's Case*, 310 Mass. 193, 198. A correction of the erroneous description contained in the final decree was permissible provided that the correct description was determined. This determination appears to have been made after hearing by the judge of the Superior Court. It was not necessary that he send the case back for further hearing by the master. *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 225. *Turgeon* v. *Turgeon*, 326 Mass. 384, 386–387. *American Employers' Ins. Co.* v. *Cohen*, 334 Mass. 417, 421. See *Minot* v. *Minot*, 319 Mass. 253, 257–258; *Peteros* v. *Peteros*, 328 Mass. 416, 419–420.

*Final decree after rescript affirmed.*