FRANK W. SARNOW, JR. *vs.* THELMA C. SARNOW & others.   June 9, 1971.
This is a bill in equity brought by a husband against his wife and their two
children, all of whom appeared generally through counsel.   One child, then
a minor, became twenty-one years of age before entry of the final decree.
The husband alleges (a) that he and his wife own a parcel of real estate in
this Commonwealth as tenants by the entirety, and a parcel in New Hamp-
shire as joint tenants; (b) that he is the owner of five bank accounts, two
standing in his name jointly with his wife, and the other three standing in
the name of his wife as trustee for their children; (c) that he is the owner of
certain United States "E" bonds standing in the names of his wife and their
daughter; and (d) that he is the owner of certain shares of stock standing in
the name of his wife.   He seeks a decree declaring his rights to the real estate
and ordering his wife to transfer the disputed personal property to him.   A
master found that the real estate in this Commonwealth was owned by the
husband and wife as tenants by the entirety, and the real estate in New
Hampshire was owned by them as joint tenants; that the husband and wife
each owned an undivided one-half interest in the five bank accounts, the
shares of stock and the bonds; and that the wife had made withdrawals from
some of the bank accounts and had given her husband no part of the sums
withdrawn.   There were no exceptions to the master's report and no appeal
from the interlocutory decree confirming it.   The wife's lawyers then with-
drew from the case and filed a petition to establish a lien for their fees and
expenses on the wife's interest in the disputed property.   After a hearing the
judge found in favor of the lawyers and ordered the entry of a decree es-
tablishing a lien in their favor in the sum of $5,350.   The final decree gave
the husband exclusive possession of the Massachusetts real estate, ordered
the sale of the New Hampshire real estate and division of the net proceeds
between husband and wife, ordered an equal division of the bank accounts,
stocks and bonds between husband and wife, ordered the wife to pay the hus-
band one half of the sums she had withdrawn from the bank accounts, and
established the lawyers' lien on the wife's share of the property.   The wife
appealed from the decree, but the children did not.   No part of the evidence
is reported.   We therefore decide the case solely upon the findings of the
master on the issues submitted to him for findings, and the findings of the
judge as to the lawyers' lien.   *Fisher* v. *MacDonald,* 332 Mass. 727, 729.
*Lupien* v. *First Fed. Sav. & Loan Assn.* 351 Mass. 311, 314.   Our duty is to
see that a proper final decree is entered on the facts found by the master and
the judge.   *Wrentham Co.* v. *Cann,* 345 Mass. 737, 741.   The final decree
entered in the Superior Court was within the scope of the bill and supported
by the facts found by the master and the judge.   We have considered all of
the questions argued in the wife's brief.   It is not necessary to discuss each
of them separately.   There was no error.

> *Decree affirmed*
> *with costs of appeal.*

*John J. Graham,* for the defendant, Thelma C. Sarnow.
*Bernard A. Kansky* for the plaintiff.