*William B. Baker* for Henry Baker.

WILLIAM H. WONSON *vs.* CITY MANAGER OF GLOUCESTER. February 27, 1974. After having been ordered by the defendant to remove a building placed by the plaintiff on land claimed by the city of Gloucester to belong to it, the plaintiff brought a bill for declaratory relief in the Superior Court. In his bill the plaintiff asked for a determination of his rights and status and for an order enjoining the defendant "from interfering with [his] property rights." The matter was referred to a master, who made findings of fact and submitted a report. From an interlocutory decree confirming the report and from a final decree establishing that the land in question was owned by the city and that the plaintiff had no rights therein, the plaintiff appealed. The evidence is not reported. Accordingly, the facts found by the master are accepted as final, as it does not appear that they are inconsistent or contradictory. *Flaherty* v. *Goldinger,* 249 Mass. 564, 567 (1924). *New England Overall Co. Inc.* v. *Woltmann,* 343 Mass. 69, 74-75 (1961). Our duty is to determine whether the decree was properly entered on the facts found and was within the scope of the pleadings. See *Sarnow* v. *Sarnow,* 359 Mass. 764 (1971). From our examination of the pleadings and findings, we conclude that the final decree was properly entered. The Superior Court properly had jurisdiction over the matter. G. L. c. 214, § 1. This was not a petition under G. L. c. 185, § 1(*h*), "to determine the boundaries of flats . . . ."

The plaintiff's claim of right to the land in question by prescription is without merit. The master's findings indicate clearly that the plaintiff failed to meet his burden of showing actual, open, notorious, exclusive and adverse possession for twenty years. *Holmes* v. *Johnson,* 324 Mass. 450, 453 (1949). See also G. L. c. 260, §§ 21 and 31. The final decree established that, as between the parties to this action, the defendant (as an agent of the city of Gloucester) had the superior right to possession, and, therefore, that his action "in requesting the removal of the shack in question was proper."

*Decrees affirmed.*

*John C. Hurley* for the plaintiff.

*George P. Laventis,* for the defendant, submitted a brief.