ALLAN J. FITZSIMMONS & another *vs.* PAUL L. KERRIGAN, individually and as trustee. May 20, 1980. There was error in the allowance of the defendant's motion for summary judgment because a reading of the complaint (which seeks specific performance or, alternatively, damages), the answer and the affidavits of the parties reveals at least one genuine issue of material fact. Mass.R.Civ.P. 56 (c), 365 Mass. 824 (1974). See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 556 (1976). From these documents the following facts emerge. In the early part of August, 1977, the defendant, as trustee of a realty trust which owned an unfinished house in Duxbury, rented it to the plaintiffs for two years. At the same time, after the plaintiffs communicated a desire to purchase the property, the defendant prepared an agreement which gave the plaintiffs the option to purchase the property during the two-year life of the lease. For this option, the plaintiffs gave the defendant $1,000, and for the first and last month's rent they paid $1,000, both payments being embodied in one check for $2,000. As a result of the failure of the plaintiffs to pay rent, the defendant, on September 29, 1978, recovered judgment for possession and rent in an action of summary process. The defendant was restored to possession on December 26, 1978. The plaintiffs allege in their complaint and affidavit the expenditure of $4,083.32 for flooring, light fixtures, wiring, wallpaper and other items in reliance on the option to purchase the house. The defendant pleaded the Statute of Frauds in his answer. At the argument before us the parties agreed that the only issue on appeal is the plaintiffs' part performance under and reliance on the unsigned agreement.

An agreement for the sale of real estate is within the Statute of Frauds, G. L. c. 259, § 1, Fourth, and must be in writing and signed by the party whom the plaintiff seeks to charge unless the plaintiff can demonstrate that he "has been induced to make expenditures upon land, to construct improvements thereon or to change his situation materially in reliance upon the performance of the oral agreement and in expectation of the rights to be acquired thereby." *Davis* v. *Downer*, 210 Mass. 573, 576 (1912). *Fisher* v. *MacDonald*, 332 Mass. 727, 729 (1955). In short, if the plaintiffs can demonstrate part performance and reliance on the agreement, they will be able to escape the consequences of the Statute of Frauds. To this extent, the plaintiffs' affidavit is sufficient to raise the issue of part performance and reliance, and, therefore, the motion for summary judg-

ment should have been denied. The order allowing the defendant's motion for summary judgment and the judgment are reversed. Our disposition of the plaintiffs' appeal from the Superior Court judgment renders moot their appeal from the order of the single justice of this court, and that appeal is dismissed.

*So ordered.*

*Seymour W. Berman (Nicholas R. Pitaro, Sr.,* with him) for the plaintiffs.
*Jeffrey E. Rossman (Neil Rossman* with him) for the defendant.