Winslow, J.
The plaintiff, Fred Hebshie (“Hebshie”), brought this action in contract to receive the benefit of a bargain he struck with the defendant, Collie Recch-iuti as Trustee of Mayland Trust (“Recchiuti”), concerning services to assist in the purchase and resale of real estate. After trial before a judge sitting without a jury, the Court awarded judgment to Hebshie in the amount of $2,500 plus interest and costs. Neither party filed requests for rulings of law. We affirm.
Based on the testimony at trial, the judge could have found as follows: Hebshie, a licensed realtor, drove Recchiuti to an auction of foreclosed properties in the city of Brockton. Recchiuti was hearing-impaired and needed assistance to participate in the auction. Hebshie told Recchiuti that he would assist at the auction and purchase properties using Recchiuti’s money, and then help restore the properties for resale and receive a six percent commission from the profit earned by each property upon resale. Recchiuti disagreed with a six percent commission and after some discussion both parties agreed instead to a five percent commission, although their agreement never was reduced to writing. Hebshie then assisted Recchiuti to register for the auction, did some research at the auction to determine which properties would be most suitable for bid, consulted with Recchiuti on the amount of money to bid, successfully placed bids on Recchiuti’s behalf on three properties, and contacted electrical, painting and carpentry contractors to refurbish the properties that were purchased at auction. For five or six months during *89 the renovations, Hebshie would drive Recchiuti at Recchiuti’s request to view the progress of the renovations. Hebshie oversaw the renovations and coordinated with the contractors and the properties were sold for a profit after five or six months. At that point, the parties had a falling out and Recchiuti refused to pay anything to Hebshie. This action followed.
Recchiuti denies any agreement with Hebshie and points to the Statute of Frauds in his defense. “An agreement for the sale of real estate is within the Statute of Frauds, G.L.c. 259, §1, Fourth, and must be in writing and signed by the parly whom the plaintiff seeks to charge unless the plaintiff can demonstrate that he “has been induced to make expenditures upon land, to construct improvements thereon or to change his situation materially in reliance upon the performance of the oral agreement and in expectation of the rights to be acquired thereby.’ Davis v. Downer, 210 Mass. 573, 576 (1912). Fisher v. MacDonald, 332 Mass. 727, 729 (1955).” Fitzsimmons v. Kerrigan, 9 Mass. App. Ct. 928 (1980) (rescript). Here, even assuming arguendo that the agreement involved the sale of real estate rather than personal services, the trial judge would have been warranted in finding that Hebshie materially changed his circumstances in reliance on the performance of the oral agreement and in expectation of the rights acquired thereby. However, the Court need not reach that issue. Massachusetts Rules of Civil Procedure, Rule 8(c), requires affirmative defenses to be affirmatively plead. “[I]t is unnecessary to pursue this point further because the defendant did not plead the statute of frauds in [his pro se] answer. It has long been the established law that even if we were dealing with an oral agreement for the sale of land, which we are not, the effect of the statute of frauds would not be considered if not pleaded. Gentile Bros. v. Rowena Homes, Inc., 352 Mass. 584, 590 (1967); Young v. Paquette, 341 Mass. 67, 76 (1960).” Whiting v. Commonwealth, 370 Mass. 664, 673 (1976).
In any event, Recchiuti did not preserve any issues for appellate review. “Unlike a trial de novo, an appeal to this Appellate Division or any appellate court is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial courts rulings. Breault v. Chairman of Board of Fire Comm’rs., 401 Mass. 26, 32 (1987); Huikari v. Eastman, 362 Mass. 867 (1972); Chadwick v. Desroches, 333 Mass. 768, 769 (1956). Questions of law are ordinarily raised and preserved at a district court trial by the filing of Mass. R Civ. E, Rule 64A, requests for rulings of law at the close of the evidence. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 103-104 (1975); Hogan v. Coleman, 326 Mass. 770, 772 (1951); Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251. The defendant filed no requests for rulings of law, and his mere objection to, or charge of error in, the trial courts general finding for the plaintiff... presents no question for appellate review. ... Having failed to file a proper Rule 64A(b) request for ruling of law that the evidence permitted or required a finding in his favor... the defendant effectively waived any appellate consideration of such issue. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Reid v. Doherty, 273 Mass. 388, 389 (1930).” Ducker v. Ducker, 1997 Mass. App. Div. 147; McDonough v. Ferrari Pool ‘N Patio, 2000 Mass. App. Div. 100, 101.
Accordingly, the judgment for the plaintiff is affirmed.
So ordered.