The defendants appeal from a judgment of the Superior Court which ordered them to convey a parcel of land to the plaintiffs, Joseph and Margaret Nicoli, and required the defendants to reposition their retaining wall along the resulting boundary between the parties' abutting properties. We affirm.
The judgment rests on the trial judge's construction of an agreement which states that the Nicolis will convey to the defendants an easement allowing them to construct and maintain a retaining wall along the rear of their property, and will arrange for another neighbor to execute a similar easement.[5] In exchange, the agreement provides for the Nicolis' purchase of a thirty by forty foot portion of the defendants' lot (the parcel) that would square off the Nicolis' "L-shaped" lot. The agreement provided that transfer would depend on whether it would adversely affect drainage resulting from the defendants' proposed expansion.
As observed by the trial judge, the agreement was not well drafted. It provides no purchase price for the parcel to be conveyed, and no closing date. The location of the parcel is not precisely defined, and the description of the parcel does not conform to the parties' apparent intent. In addition, the agreement incorrectly identifies the owner of the parcel,[6] and incorrectly identifies the managing director of Century Box as its "president."
The defendants assert that because the written agreement fails to set forth several essential elements of the parties' agreement with reasonable certainty, it does not satisfy the Statute of Frauds and is unenforceable. The argument is unavailing. Because the Nicolis fulfilled their obligations under the agreement by delivering the required easement over their property and arranging for the conveyance of a similar easement over their neighbor's property, their performance "takes the case out of the operation of the [S]tatute [of Frauds]." Adams v. Townsend, 1 Met. 483, 485 (1840). See Barber v. Fox, 36 Mass. App. Ct. 525, 530-531 (1994) (Statute of Frauds not bar to enforcing oral contract where party has already provided consideration consisting, at least in part, of interest in land). Not only did the Nicolis perform their own obligations under the agreement, they relied on the defendants' promise to convey the parcel. For this reason, they are able to "escape the consequences of the Statute of Frauds." Fitzsimmons v. Kerrigan, 9 Mass. App. Ct. 928, 928 (1980).
Contrary to the defendants' contention, the agreement is not too indefinite to be enforced.[7] A contract is not unenforceable " 'if, when applied to the transaction and construed in the light of the attending circumstances,' the meaning can be ascertained with reasonable certainty." Simons v. American Dry Ginger Ale Co., 335 Mass. 521, 523 (1957), quoting from Cygan v. Megathlin, 326 Mass. 732, 734 (1951). See Hurtubise v. McPherson, 80 Mass. App. Ct. 186, 190 (2011), citing Weiner v. Pictorial Paper Package Corp., 303 Mass. 123, 131 (1939) (contract only becomes unenforceable when indefiniteness reaches "the point where construction becomes futile"). "Even if an aspect of an agreement is informal, obscure, difficult of satisfactory interpretation, and the subject of dispute by the parties as to its meaning, a court should '[s]o far as reasonably practicable ... give[ ] a construction which will make it a rational business instrument and will effectuate what appears to have been the intention of the parties.' " Hastings Assocs. v. Local 369 Bldg. Fund, Inc., 42 Mass. App. Ct. 162, 170 (1997), quoting from Finn v. McNeil, 23 Mass. App. Ct. 367, 372 (1987). In this case, the terms of the agreement could reasonably be construed to bring about the parties' intentions.
"The consideration of such promise, contract or agreement need not be set forth or expressed in the writing signed by the party to be charged therewith, but may be proved by any legal evidence." G. L. c. 259, § 2. See Shayeb v. Holland, 321 Mass. 429, 434 (1947) ; Tzitzon Realty Co. v. Mustonen, 352 Mass. 648, 651 (1967). Testimony at trial supported the judge's finding that the defendants knew the easements delivered by the Nicolis were consideration for the transfer of the parcel. This is corroborated by the purchase and sale agreement drafted by the defendants for a reduced parcel, where the defendants included the nominal price of $1.00. Further, the judge properly did not credit the defendants' claims that they did not know what land was to be conveyed. That the description of the parcel's size in the agreement was different from the size of the parcel on the ground is immaterial where the evidence at trial permitted a conclusion that the parties intended to "square off" the Nicolis' property. The description of the parcel was sufficient for the parties to understand the location of the land to be conveyed. See Cousbelis v. Alexander, 315 Mass. 729, 731 (1944), citing Michelson v. Sherman, 310 Mass. 774, 776 (1942). As to the absence of a closing date, the law implies an obligation to perform within a reasonable time. See Tzitzon Realty Co., supra at 654; A. B. C. Auto Parts, Inc. v. Moran, 359 Mass. 327, 329 (1971).
We discern no clear error or abuse of discretion in the trial judge's decision to enforce the parties' agreement and enter an equitable judgment. The trial judge, "armed with the broad discretion traditional to equity courts," Lima v. Lima, 30 Mass. App. Ct. 479, 484 (1991), imposed a practical solution rather than voiding the agreement of the parties; to have done otherwise would have been unjust to the Nicolis, who had fully performed their obligations, but could not be made whole again since they had already conveyed the easements to the defendants. Additionally, the defendants' construction of the retaining wall and expanded facility was something the judge could consider in crafting a remedy without imposing an undue burden on the defendants-who cannot complain, as the agreement has been modified to their advantage-rather than requiring restoration of the status quo ante. "It should always be borne in mind that, in a suit for specific performance, it is the function of the court to do full and complete justice without requiring any additional and unnecessary litigation." Id. at 484-485, quoting from 5A Corbin, Contracts § 1137, at 97-98 (1964).
Judgment affirmed.

The defendants needed the easements in order to expand the manufacturing facility operating on their property.

Although the agreement was executed by Century Box and not by the land owner, 37 Chase Street Realty Trust, testimony was given and the defendants agree that both entities are treated as one for these purposes.

Since the defendants drafted the agreement, any ambiguity in the agreement is resolved against them. See Boland v. George S. May Intl. Co., 81 Mass. App. Ct. 817, 826-828 (2012).