NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-794

PETER LANNON

vs.

JAMES LANNON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a summary process bench trial in the Housing Court, judgment entered for the defendants, James Lannon and Jaime Patz.  On appeal, the plaintiff, Peter Lannon, contends that the judge erred in concluding that he holds title to the property at issue in a constructive trust for the benefit of the defendants.  We affirm.

Background.  We summarize the relevant facts as found by the judge, supplemented by uncontested facts from the record. In 2016, James[2] and his partner, Jaime Patz, sought to purchase

_____

[1] Jaime Patz.

[2] Because some of the individuals in this case share last names, we refer to them by their first names to avoid confusion.

a home in Marshfield (property).  Barbara and Peter Lannon, James's parents, provided the down payment for the property and paid the closing costs, for a total of about $130,000; these funds were intended as a gift to help James and Patz purchase the property.  Peter offered to obtain the mortgage and title in his name because his credit score would allow him to obtain a more favorable mortgage rate; the defendants agreed.  In 2016, James, Patz, and their son moved into the property.  On conflicting testimony, the judge found the parties' understanding to be that when James's credit score improved, James and Patz would purchase the property from Peter for the outstanding amount on the mortgage, and Peter would transfer title to them.

Over the next several years, James and Patz paid Peter for weekly use and occupancy of the property in amounts equal to the mortgage, insurance, taxes, and utilities.  James and Peter made several improvements to the house, including adding a bathroom, replacing the air conditioning, replacing windows, painting the walls, and landscaping.  Though the parties disputed the source of funds for these renovations, Peter admitted that James provided much of the labor, as James was a skilled carpenter and builder.

Sometime in either 2020 or 2021, after separating from Barbara, Peter moved into the property with James and Patz.  By

2

2023, the relationship between the parties had deteriorated and after an argument in June 2023, James and Patz withheld their regular monthly payments. In August 2023, Peter served the defendants with a fourteen-day notice to quit for nonpayment of rent.[3] This led to an altercation between the parties, after which Peter moved out of the property. Peter later served the defendants with a thirty-day notice to quit, and then a summary process action.

After a bench trial, the judge found that strict enforcement of the Statute of Frauds, G. L. c. 259, § 1, Fourth, with possession of the property reverting to Peter, would result in an unjust enrichment of Peter. The judge further found that the down payment was a gift and that the parties had an oral agreement that James and Patz would reside at the property and pay the mortgage indirectly through Peter. As a result, the judge concluded that Peter held the property in a constructive trust for the benefit of James and Patz and entered judgment accordingly. This appeal followed.

Discussion. "A constructive trust is a flexible tool of equity designed to prevent unjust enrichment resulting from fraud, a violation of a fiduciary duty or confidential relationship, mistake, or 'other circumstances' in which a

_____

[3] At the time of trial, the defendants had paid the outstanding amount.

recipient's acquisition of legal title to property amounts to unjust enrichment."  Maffei v. Roman Catholic Archbishop of Boston, 449 Mass. 235, 246 (2007), cert. denied, 552 U.S. 1099 (2008), quoting Fortin v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 789, cert. denied, 511 U.S. 1142 (1994).  "We examine the judge's imposition of equitable remedies under an abuse of discretion standard."  Cavadi v. DeYeso, 458 Mass. 615, 624 (2011).  We accept the judge's findings of fact unless they are clearly erroneous and review his legal conclusions de novo. Id.

1.  Gift.  The judge credited the testimony of James, Barbara, and Patz that Barbara and Peter intended the down payment to be a gift.  He did not credit Peter's testimony to the contrary.  Peter contends that this was error.  Because "we give due regard to the judge's assessment of the witnesses' credibility," we see no reason to disturb his assessment. Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 306 (2005).[4]

2.  Unjust enrichment.  The judge found that strictly enforcing the Statute of Frauds here would result in unjust

_____

[4] We note that the judge erred in finding that Peter attempted to characterize the $130,000 as a loan.  Peter did not refer to the $130,000 as a loan and instead characterized it as a down payment for the property that he purchased for himself. In any case, the judge explicitly credited the testimony of Barbara, James, and Patz, all of whom testified that the amount was a gift from Barbara's resources.  This error does not require reversal.

4

enrichment.[5]  "Unjust enrichment occurs when a party retains the property of another against the fundamental principles of justice or equity and good conscience" (quotation and citation omitted).  Bonina v. Sheppard, 91 Mass. App. Ct. 622, 625 (2017).  Whether the benefit was unjust "turns on the reasonable expectations of the parties" (citation omitted).  Metropolitan Life Ins. Co. v. Cotter, 464 Mass. 623, 644 (2013).

Here, Peter's retention of the property would provide him with the benefit of the down payment that the judge concluded was a gift, the increased value of the property based on the improvements made to it, the increase in appreciated property value, and the increase in the property's equity based on the mortgage payments made by James and Patz.  In light of the parties' expectations that title would eventually transfer to James and Patz, retention of the property by Peter would be unjust.  Thus, imposition of a constructive trust to avoid this unjust enrichment was not error.  See Cavadi, 458 Mass. at 627

---

[5] We need not reach the issue of the Statute of Frauds, G. L. c. 259, § 1, as we conclude that the judge properly imposed a constructive trust.  See Sullivan v. Rooney, 404 Mass. 160, 162 n.1 (1989); Nessralla v. Peck, 403 Mass. 757, 761-762 (1989).  See also G. L. c. 203, § 1 ("No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by a written instrument . . ." [emphasis added]).

5

(constructive trust is "implied by law as a result of," inter alia, "unjust enrichment").[6]

Judgment affirmed.[7]

By the Court (Blake, C.J.,
  Ditkoff & Brennan, JJ.[8]),

*Paul Little*

Clerk

Entered:  July 10, 2025.

---

[6] Because of the result we reach, we need not consider whether James was also entitled to a constructive trust based on an alleged breach of a fiduciary duty.

[7] To the extent the defendants seek relief based on the imposition of a constructive trust they must do so in a court of competent jurisdiction.

[8] The panelists are listed in order of seniority.